Aversa *v.* Aubry, Appellant.

Argued January 19, 1931.   Before FRAZER, C. J.,
WALLING, SIMPSON, SADLER, SCHAFFER and MAXEY, JJ.

*G. A. Troutman,* with him *J. W. McWilliams* and *Charles S. Wesley,* for appellant.—The court below did not have jurisdiction.

Under any circumstance, the service was defective.

*Herman Steerman,* with him *William Nicholas,* for appellee.—The court below had jurisdiction of the subject-matter and of defendant: Mitchell v. Harmony, 13 Howard 115; Knight v. R. R., 108 Pa. 250; Usher v. R. R., 126 Pa. 206; D., L. & W. R. R. v. Ashelman, 300 Pa. 291.

OPINION BY MR. JUSTICE WALLING, March 16, 1931:

This suit was brought in Philadelphia against a citizen of the State of New York on account of personal injuries sustained in an automobile accident in Bucks County, Pennsylvania. The defendant, denying that jurisdiction had been acquired over him, presented his petition to the trial court to have that question preliminarily determined under the Act of March 5, 1925, P. L. 23, and, from a decision sustaining such jurisdiction, he brought this appeal.

We are unable to sustain his contention. The action being transitory (see D., L. & W. R. R. v. Ashleman et ux., 300 Pa. 291), might be brought in any county where process could be served upon the defendant. In the instant case, the sheriff of Philadelphia County deputized the sheriff of Dauphin County, who made the service upon the secretary of the department of revenue. Service was also made by registered letter sent to the defendant at his New York State residence. This was intended as a compliance with the Act of May 14, 1929, P. L. 1721, which provides, inter alia, and in substance, that any nonresident who accepts the privilege of using a motor vehicle upon our highways shall be deemed to have constituted the secretary of revenue his agent for the purpose of service of process in any action brought against the nonresident on account of injuries caused

by his motor vehicle in Pennsylvania. The act also provides that the officer to whom the process shall be directed shall serve the same upon the secretary of revenue. This act contains no provision limiting the right of suit to the county where the accident occurred, or providing that service of process can be made only by an officer of that county. The suit being legally brought in Philadelphia County the process was properly directed to the sheriff of that county, who served the same, as above stated, upon the secretary of revenue, as the statute expressly directed him to do. The sheriff being the proper officer to serve the writ, we have no doubt could especially deputize another to do so for him. He has the statutory right to appoint general and special deputies. So far as relates to the service of process, what the statute expressly authorizes the sheriff to do, he may do in person or by deputy. Appellant calls our attention to section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, 997. That, however, refers to actions brought to recover expenses paid in repairing damages done by motor vehicles and is not applicable to the instant case. Furthermore, that section is expressly limited to actions brought thereunder at the plaintiff's discretion. Furthermore, in the instant case, there was an acceptance of service at the office of the secretary of revenue, so the question as to the proper officer to serve the writ or who could be deputized for that purpose is not controlling.

The ease with which motor vehicles can be driven beyond the borders of the State before process can be served is so apparent as might seem to justify the act first above referred to. The question of its constitutionality, however, was not raised either in the lower court or on this appeal. We have not considered as important the fact that prior to the bringing of this action appellant had brought suit in Philadelphia County against the appellee on account of the same accident.

The order is affirmed.