## Reinhart v. Shirm

*Ralph S. Croskey*, for plaintiff; *Herman & Harris*, for defendant.

GABLE, J., November 4, 1932.—This is a rule to show cause why the service and return thereof upon the defendant should not be set aside and proceedings stayed.

The action is one in trespass to recover damages by the plaintiff, a resident of Bucks County, Pa., against the defendant, Edward Shirm, a resident of Trenton, N. J., resulting from an automobile accident which occurred on the Lincoln Highway at or near Falsington, in the County of Bucks, Commonwealth of Pennsylvania. The defendant being a nonresident, service was had upon

him under the provisions of the Act of April 24, 1931, which act is amendatory of the Act of May 14, 1929.

The Act of May 14, 1929, P. L. 1721, is as follows:

"An act providing for the service of process in civil suits on nonresident operators, or nonresident owners, of motor vehicles operated within the Commonwealth of Pennsylvania; and making the operation of such a motor vehicle on the public highways of the Commonwealth of Pennsylvania the equivalent of the appointment of the Secretary of Revenue of the Commonwealth of Pennsylvania as the agent of the said nonresident, upon whom civil process may be served; and providing for further notice to the defendant in any such suit.

"Section 1. Be it enacted, &c., That from and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, shall, by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved.

"Section 2. Such process shall be served, by the officer to whom the same shall be directed, upon the Secretary of Revenue of the Commonwealth of Pennsylvania, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process.

"Section 3. The officer serving such process upon the Secretary of Revenue shall pay to said secretary, at the time of service, a fee of two dollars ($2.00), which fee shall be taxed as costs in the case. The Secretary of Revenue shall keep a record of each such process and the day and hour of the service thereof upon him.

"Section 4. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to appear and defend the action.

"Section 5. This act shall be construed to extend the right of service of process upon nonresidents, and shall not be construed as limiting any provisions for the service of process now or hereafter existing.

"Approved—The 14th day of May, A. D. 1929.

"JOHN S. FISHER."

The Act of April 24, 1931, P. L. 50, is as follows:

"An act to amend sections one, two and five of the act, approved the fourteenth day of May, one thousand nine hundred and twenty-nine (Pamphlet Laws, one thousand seven hundred twenty-one), entitled 'An act providing for the service of process in civil suits on nonresident operators, or nonresident owners, of motor vehicles operated within the Commonwealth of Pennsylvania; and making the operation of such a motor vehicle on the public highways of the Commonwealth of Pennsylvania the equivalent of the appointment

of the Secretary of Revenue of the Commonwealth of Pennsylvania, as the agent of the said nonresident, upon whom civil process may be served; and providing for further notice to the defendant in any such suit,' by extending the provisions of said act to a resident who becomes a nonresident or conceals his whereabouts, and providing that the sheriff of Dauphin County may be deputized to make service on the Secretary of Revenue, and validating prior service made in that manner.

"Section 1. Be it enacted, &c., That section one of the act, approved the fourteenth day of May, one thousand nine hundred and twenty-nine (Pamphlet Laws, one thousand seven hundred twenty-one), entitled, 'An act providing for the service of process in civil suits on nonresident operators, or nonresident owners, of motor vehicles operated within the Commonwealth of Pennsylvania; and making the operation of such a motor vehicle on the public highways of the Commonwealth of Pennsylvania the equivalent of the appointment of the Secretary of Revenue of the Commonwealth of Pennsylvania, as the agent of the said nonresident, upon whom civil process may be served; and providing for further notice to the defendant in any such suit,' is hereby amended to read as follows:

"Section 1. Be it enacted, &c., That from and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved.

"Section 2. That section two of said act is hereby amended to read as follows:

"Section 2. Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Dauphin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of Revenue of the Commonwealth of Pennsylvania, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process.

"Section 3. That section five of said act is hereby amended to read as follows:

"Section 5. This act shall be construed to extend the right of service of process upon nonresidents and upon residents who subsequently become nonresidents or who conceal their whereabouts, and shall not be construed as limiting any provisions for the service of process now or hereafter existing.

"Section 4. Any service heretofore made under said act, approved the fourteenth day of May, one thousand nine hundred and twenty-nine, in the manner

provided by this amendment, by having the officer to whom the process was directed to deputize the sheriff of Dauphin County to make service upon the Secretary of Revenue, is hereby ratified, confirmed, and made valid.

"Section 5. This act shall become effective upon the date of its approval by the Governor.

"Approved—The 24th day of April, A. D. 1931.

"GIFFORD PINCHOT."

The summons in trespass was issued March 11, 1932, and according to the return thereof, was served, together with a copy of the plaintiff's statement of claim, on March 16, 1932, by the Sheriff of Dauphin County in accordance with the provisions of the Act of April 24, 1931, Act No. 42, by leaving a true and attested copy thereof in the office of the Secretary of Revenue of the Commonwealth of Pennsylvania, with the deputy secretary of revenue, the lawful attorney duly constituted by the said defendant, Edward Shirm, and the sheriff sent to the defendant by registered mail, postage prepaid, a true and attested copy of the writ of summons and plaintiff's statement of claim; the registry return receipt signed by the defendant being attached to the return, in accordance with the provisions of the said Act of April 24, 1931.

The defendant has raised three questions under its rule to show cause why the service should not be set aside:

1. Whether this court has jurisdiction of the action.
2. Whether service has been properly secured under the Act of 1929, P. L. 1721, and the Act of 1931, P. L. 50.
3. Whether the Act of 1929, as amended by the Act of 1931, is constitutional.

First, we think that the Act of July 12, 1913, P. L. 711, Sec. 1, creating the Municipal Court, and defining its jurisdiction to cover all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of $2500, clearly establishes the jurisdiction of the court in this case.

It was the purpose of the legislature in establishing the Municipal Court of Philadelphia to confer upon it jurisdiction in all civil actions, at law and in equity, involving less than the sum of $2500, thereby to relieve the courts of common pleas from the increasing volume of litigation. This broad purpose is not to be defeated by a narrow construction as to the manner of the service of process. The Act of 1931 is broad in its provisions which make and constitute the secretary of revenue the agent of such defendant for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth against the operator or owner of a motor vehicle arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved.

The second question as to the sufficiency of the service is ruled by the decision of our Supreme Court in the case of Aversa v. Aubry, 303 Pa. 139. To the point raised by the defendant in the brief filed, that there is nothing in the record to show that the instant case falls within the class of those to which the Act of 1931 applies, it is only necessary to point out that along with the summons in trespass was filed a statement of claim, a copy of which was mailed to the defendant along with notice of the service of the writ. This statement clearly sets forth the parties and the character of the accident which bring it within the class of cases provided for by the Act of 1931. Under the principle laid down in Aversa v. Aubry, supra, the service in the present case is sufficient.

The third question raised as to the constitutionality of the Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, has not been passed upon by our appellate courts, and appears to be directly raised here for

the first time in our state. However, a statute very similar to the one herein involved was so enacted by the legislature of the State of Massachusetts, and a case arising thereunder resulted in the affirmation of the constitutionality of the act, which, upon appeal to the Supreme Court of the United States, was affirmed by that tribunal: Hess *v.* Pawloski, 274 U. S. 352. The reasoning of the United States Supreme Court in that case is fully applicable to the present and is controlling of the question herein raised.

The rule to show cause is, therefore, discharged.