## O'DONNELL v. SLADE.
### No. 3372.

District Court, M. D. Pennsylvania.
Nov. 29, 1933.

Dunsmore & Murphy, of Wellsboro, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

The plaintiff instituted this action of trespass to recover damages for personal injuries, alleged to have been sustained as the result of an automobile accident in Bradford county, Pa., under the provisions of the Pennsylvania Statute of 1931, P. L. 50 (75 PS Pa. § 1201 et seq.), which provides as follows: "Section 1. Be it enacted, etc., That from and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." (75 PS Pa. § 1201.)

"Section 2. Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Dauphin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of Revenue of the Commonwealth of Pennsylvania, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process." (75 PS Pa. § 1202.)

Suit was instituted in this court on August 3, 1933, by the filing of a statement of claim and a præcipe for summons. A writ of summons was issued by the clerk of the United States District Court and handed to the United States marshal for service. The marshal's return shows that the writ was served by sending a copy of the summons, together with a copy of the statement of claim, to the defendant at his residence in North Tonowanda, N. Y., by registered mail. A return receipt showing that the papers were delivered by the postal authorities to K. N. Slade, as agent for Arthur J. Slade, was attached to the marshal's return. The marshal's return also shows that service of a copy of the same papers was made on the secretary of revenue of the commonwealth of Pennsylvania at his office in the State Capitol at Harrisburg, Pa., and within the middle district of Pennsylvania.

Counsel for the defendant entered a special appearance and filed a petition to quash

the summons and dismiss the suit on the ground that the act of the Pennsylvania Assembly does not authorize the service of process issuing out of the United States courts and that the effect of the enforcement of such statute would be to enlarge the jurisdiction of the United States courts. Counsel further contends that such service is not in accordance with any Act of Congress and is not authorized by any law regulating the manner of service of writs of summons in the United States courts. A rule was granted on the petition and argument heard thereon. The constitutionality of the act of the Pennsylvania Assembly is not questioned. This and similar statutes have been declared constitutional. Aversa v. Aubry, 303 Pa. 139, 154 A. 311; Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 633, 71 L. Ed. 1091. Nor is it alleged that the provisions of the act were not strictly followed in effecting the service of the writ.

The only question is whether this Act of Assembly, authorizing service of process on nonresident defendants who were using the highways of Pennsylvania by serving such nonresident by registered mail and by constituting the secretary of revenue of the commonwealth of Pennsylvania the agent of such nonresident defendants, is to be construed as unlawfully extending the jurisdiction of the federal courts and rendering such service by the United States marshal invalid.

This precise question seems never to have been decided by any courts and no decisions in point can be found.

The Conformity Act, passed by Congress in 1872, 28 USCA § 724, provides that, "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

Section 112 of title 28 USCA provides in part that "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

■ The federal courts have held repeatedly that the right accorded to a defendant by this Act of Congress is a personal privilege which it is competent for him to waive. In re Moore, 209 U. S. 490, 28 S. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Kreigh v. Westinghouse, 214 U. S. 249, 29 S. Ct. 619, 53 L. Ed. 984; St. Louis & San Francisco R. Co. v. McBride, 141 U. S. 127, 11 S. Ct. 982, 35 L. Ed. 659.

■ The courts have also held that "the limitations imposed by Congress as to the place of trial are only for the convenience of the defendant, and do not involve the jurisdiction of the court at all, properly speaking." Lehigh Valley Coal Company v. Yensavage (C. C. A.) 218 F. 547, 549.

■ This suit is brought in this court on the ground that the parties are citizens of different states. The plaintiff is a citizen and resident of this district and under the provisions of title 28, section 112 of the USCA quoted above, this court has jurisdiction provided the defendant is served with process issuing out of this court while he is found present in this district or if he has waived that right and has consented to be sued in this district.

The issue here resolves itself into the question, not of the jurisdiction of this court, but whether the defendant can and did consent to be served with process and sued in the federal courts of Pennsylvania.

The case of In re Schollenberger, 96 U. S. 369, 24 L. Ed. 853, decided many years ago that a foreign corporation doing business in Pennsylvania under a license granted pursuant to a statute of Pennsylvania, which, among other things, provided that the company should file a written stipulation agreeing that process issued in any court of that commonwealth having jurisdiction of the subject-matter, and served upon the insurance commissioner of Pennsylvania, or the agent specified by the company, to receive service of process for it, should have the same effect as if personally served upon the company within the state, could be sued in the federal courts of Pennsylvania and that such courts were "courts of the Commonwealth" within the intent of the statute.

On page 376 of 96 U. S., the court said: "Applying these principles to the present case, there cannot be any doubt, as it seems to us, of the jurisdiction of the Circuit Court over these defendant companies. They have, in express terms, in consideration of a grant of the privilege of doing business within the State, agreed that they may be sued there; that is to say, that they may be found there for the purposes of the service of process is-

sued 'By any court of the Commonwealth having jurisdiction of the subject matter.' This was a condition imposed by the State upon the privilege granted, and it was not unreasonable. Lafayette Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451. It was insisted in argument that the statute confines the right of suit to the courts of the State; but we cannot so construe it. There is nothing to manifest such an intention; and, as the object of the Legislature evidently was to relieve the citizens of Pennsylvania from the necessity of going outside of the State to seek judicial redress upon their contracts made with foreign insurance companies, it is but reasonable to suppose that they were entirely at liberty to select the court in the State having jurisdiction of the subject-matter, which, in their judgment, was the most convenient or desirable. As the company, if sued in a state court, could remove the cause to the Circuit Court, and thus compel a citizen of the State to submit to that jurisdiction, we see no reason why the citizen may not, if he desires it, bring the company into the same jurisdiction at the outset. While the Circuit Court may not be technically a court of the Commonwealth, it is a court within it; and that, as we think, is all the Legislature intended to provide for.

"States cannot by their legislation confer jurisdiction upon the courts of the United States; neither can consent of parties give jurisdiction when the facts do not; but both state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case. Ex parte McNiel, 13 Wall. 236, 20 L. Ed. 624. Thus, if the parties to a suit, both plaintiff and defendant, are in fact citizens of the same State, an agreement upon the record that they are citizens of different States will not give jurisdiction. But if the two agree that one shall move into and become a citizen of another State, in order that jurisdiction may be given, and he actually does so in good faith, the court cannot refuse to entertain the suit. So, as in this case, if the Legislature of a State requires a foreign corporation to consent to be 'found' within its territory, for the purpose of the service of process in a suit, as a condition to doing business in the State, and the corporation does so consent, the fact that it is found gives the jurisdiction, notwithstanding the finding was procured by consent. The essential fact is the finding, beyond which the court will not ordinarily look.

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agent transact business anywhere, unless prohibited by its charter or excluded by local laws. Under such circumstances, it seems clear that it may, for the purpose of securing business, consent to be 'found' away from home, for the purposes of suit as to matters growing out of its transactions. The Act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented. Here, the defendant companies have provided that they can be found in a district other than that in which they reside, if a particular mode of proceeding is adopted, and they have been so found. In our opinion, therefore, the Circuit Court has jurisdiction of the causes, and should proceed to hear and decide them."

■ If a corporation can consent to be sued in a district other than that in which it resides, there seems to be no reason why an individual could not do so. In the case of Hess v. Pawloski, supra, the Supreme Court of the United States recognized the right of an individual to consent to be sued in a state of which he was not a citizen. Mr. Justice Butler, delivering the opinion of the court in that case said, "The state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. Hendrick v. Maryland, 235 U. S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385. And, in advance of the operation of a motor vehicle on its highway by a nonresident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. Kane v. New Jersey, 242 U. S. 160, 167, 37 S. Ct. 30, 61 L. Ed. 222. That case recognizes power of the state to exclude a nonresident until the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the nonresident is the equivalent of the appointment of the registrar as agent on whom process may be served. Cf. Pennsylvania Fire Insurance Co. v. Gold Issue Mining Co., supra [243 U. S.] 96 (37 S. Ct. 344 [61 L. Ed. 610]); Lafayette Ins. Co. v. French, 18 How. 404, 407, 408, 15 L. Ed. 451. The dif-

ference between the formal and implied appointment is not substantial, so far as concerns the application of the due process clause of the Fourteenth Amendment."

From the foregoing decisions it is apparent that the service of process in this case was valid and the petition to show cause why the summons should not be quashed must be dismissed.

And now, November 29, 1933, the petition to show cause why the summons should not be quashed and the suit dismissed is hereby dismissed and the rule granted thereon is discharged.