Commonwealth ex rel. Schnader, Attorney General, *v.* Ritter et al., Commissioners, Appellants.

Argued December 1, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank P. McCluskey,* with him *J. Cullen Ganey* and *William H. Earnest,* for appellant.

*Julius M. Rapoport* and *Paul H. Rhoads,* Legal Assistant for the public service commission, with them *William A. Schnader,* Attorney General of the Commonwealth of Pennsylvania, *Samuel G. Miller,* Legal Assistant for the public service commission, *E. Everett Mather, Jr.,* Assistant Counsel for the public service commission, and *John Fox Weiss,* Counsel for the public service commission, for appellee, were not heard.

Opinion by Mr. Chief Justice Frazer, January 2, 1934:

Defendant commissioners of the County of Northampton appeal from judgment entered against them on an alternative writ of mandamus commanding them to obey an order of the public service commission to pay the sum of $266,513.80, with interest, to the County of Lehigh.

Under date of January 11, 1922, the Counties of Northampton and Lehigh and the Boroughs of Coplay, in Lehigh County, and Northampton, in Northampton County, joined in filing a complaint before the public service commission concerning conditions existing at a point where the public highway connecting the two boroughs passed at grade over the tracks of two railroads,

across the Lehigh River on a bridge built and maintained jointly by the two counties, along and over a canal and under the tracks of a third railroad. The municipalities complained that the grade crossings were dangerous and the underpasses inadequate, and asked that the commission order both eliminated and a new bridge constructed spanning not only the river but also the railroad tracks and canal, the cost to be allocated to all the parties in interest in such proportions as the commission might determine. After full hearing, the commission on April 14, 1930, filed a report sustaining the complaint, and approving plans submitted by the complainants. It directed construction of the new bridge as well as removal of existing bridges, and provided for the opening of a new section of highway made necessary by the improvement. The commission ordered that Lehigh County furnish the material and do all the work necessary for the completion of the improvements in accordance with the approved general and detailed plans, and apportioned the costs as follows: $70,000 to be paid by the railroads, $18,000 by the Borough of Lehigh, and a contribution by the commission of $12,000; the balance of the cost of the improvement to be divided equally between the two counties, the County of Northampton to pay its share to the County of Lehigh "when and as certified by the public service commission"; in addition the boroughs were ordered to pay compensation for damages due owners of property taken, injured or destroyed. The final order allocating the costs and directing how payments should be made was issued April 14, 1930. Northampton County, as one of the parties interested, not only failed to appeal from the order, but participated in carrying out the terms of the contract.

Upon completion and approval of the plans Lehigh County proceeded to advertise for bids for constructing and completing the work and after twice rejecting bids which were in excess of the estimated cost, a contract was finally awarded. The work was performed under

the supervision of the county engineers of the two counties, who from time to time furnished the public service commission with estimates of amounts expended upon which the commission apportioned the costs among the respective parties for payment. The total amount expended in carrying out the order of the public service commission was $582,505.10. After payment by all other parties of the specific sums ordered by the commission, there remained a balance of $482,505.10, one-half of which, or $241,252.55, was chargeable to and became payable by Northampton County. That county paid on account of its pro rata share of the improvement the sum of $4,206.73, negotiated a bond issue to provide funds to meet its liability to Lehigh County, and later refused to pay the balance due, whereupon, at the instance of Lehigh County, the attorney general petitioned the court below for an alternative writ of mandamus directing Northampton County to comply with the order of the commission and pay the balance due of its share of this expense.

So far as this appeal is concerned, appellant resists payment solely on exceedingly weak technical grounds; first, it contends that mandamus is not the proper remedy; second, if mandamus can be maintained, it should have been brought in Northampton County in the name of Lehigh County; and third, the contract was invalid because not complying with the requirements of the County Code (Act of May 2, 1929, P. L. 1278, 16 P. S. 701) as to advertising.

Throughout its argument appellant ignores the fundamental fact stated in the opinion of the court below, that the real issue in this proceeding is the enforcement of an order of the public service commission, not, as appellant persists in regarding it, the collection of a debt by one to whom it is due. To enforce an order of the public service commission, the writ was properly sought by the attorney general in the name of the Commonwealth. Sec-

tion 34, article VI, of the Public Service Act expressly confers on the attorney general power to proceed in the name of the Commonwealth by mandamus "to enforce obedience" to the orders of the commission. We find nothing convincing in defendant's arguments to the contrary. Furthermore, as the court below points out, since the issue here is the enforcement on Northampton County of the public duty to carry out the orders of the public service commission, such action is enforceable by mandamus at the relation of the attorney general without regard to the general provision in the Public Service Company Law: Section 4, Act of June 8, 1893, P. L. 345; Com. v. Wilkins, 271 Pa. 523, 527, and cases there cited.

The Commonwealth being the proper plaintiff, it follows that the Court of Common Pleas of Dauphin County has jurisdiction to determine the controversy: Com. v. Wilkins, supra, 526-7.

Regarding appellant's third question, the court below held, and we agree with its conclusion, that the work done and money expended by Lehigh County was not done and expended by it under the County Code Act of May 2, 1929, P. L. 1278 (citing Schuylkill Co. v. Pub. Ser. Com., 77 Pa. Superior Ct. 504, 509-11) but was performed in pursuance of an order of the public service commission. As stated by the court "the county commissioners of Lehigh County, in abolishing this grade crossing and building a new bridge between Coplay and Northampton, were not acting as officials of Lehigh County engaged in the building of a county structure, but were acting as the agents of the public service commission under authority vested in said public service commission by law to order the abolition of grade crossings." Accordingly it is immaterial that advertising for bids was placed in three newspapers in Lehigh County and two in Northampton County instead of in three papers in each county as required in connection with work done under authority of the County Code, inasmuch as

the public service commission does not require bids to be so advertised.

The judgment of the court below is affirmed; costs to be paid by the County of Northampton.