## Walsh v. Martin

*Charles W. Eaby* and *John L. Hamaker*, for plaintiff.
*Harvey B. Lutz*, for defendant.

ATLEE, P. J., April 20, 1934.—On January 4, 1933, Alderman William T. Kline of the City of Lancaster entered a judgment in favor of James G. Walsh and against J. C. Martin for the sum of $67.50 and costs of suit. An appeal was duly taken and entered in the prothonotary's office, and, on July 18, 1933, the plaintiff filed a statement which avers substantially as follows: On May 4, 1932, the plaintiff's automobile was being driven by the plaintiff's son, Keefe Walsh, without negligence, eastwardly on Marion Street, in the City of Lancaster, and the plaintiff's son was not engaged in the business of the plaintiff, nor acting as his agent or employe; J. C. Martin, the defendant, had parked a truck in front of the Herr Tobacco Warehouse on the south side of West Marion Street, and the said J. C. Martin, by his agent or agents, was unloading tobacco from the said parked truck; as Keefe Walsh approached the parked truck, the defendant, by his agents, motioned the said Keefe Walsh to pass the truck which somewhat blocked West Marion Street; as Walsh was passing the parked truck the defendant, by his agent or agents, removed tobacco from the truck in a careless and negligent manner, thus causing the body of the truck to sway or move and come in contact with the top of the automobile driven by the said Keefe Walsh, thus causing a large slit or cut at the top and back of the said automobile and otherwise damaging the windshield, windshield wing and top bows, etc. The action was brought to recover the cost of repairing the automobile, namely, the sum of $67.50.

The defendant has filed a petition raising a question of jurisdiction, and alleges that the facts set forth in the plaintiff's statement of claim do not allege a cause of action over which the said alderman could entertain jurisdiction. The

petition specifies that the jurisdiction of the alderman is limited to actions of trespass vi et armis and that, as shown by said statement of claim, the plaintiff's cause of action is one sounding in trespass on the case and not in trespass vi et armis. Therefore, the defendant asks that the judgment be set aside and vacated and that all proceedings thereon be declared of no effect, in accordance with the Act of March 5, 1925, P. L. 23, providing for raising the question of jurisdiction of the court of first instance.

Counsel for the plaintiff has cited numerous cases in the lower courts deciding this question both ways. Some of the decisions decide that only where the plaintiff and defendant are residents of different counties could an alderman have jurisdiction. Others grant the jurisdiction asked by the plaintiff. In the case of Fillman v. Messner, 17 D. & C. 717, decided on February 8, 1932, President Judge Stewart decided that, the action being trespass on the case and not trespass vi et armis, an alderman could have no jurisdiction. The Lancaster County courts in the past have decided the question both ways. Local courts throughout the State have not been uniform in their conclusions. In the case of Campbell v. Krautheim, 4 D. & C. 577, Judge William M. Lewis of Philadelphia decided that "all civil actions for damages arising from the use and operation of any motor vehicle", as used in the Act of June 14, 1923, P. L. 718, means all civil actions, whether the automobile of the defendant was operated by himself or an employe, thus declaring that an alderman or justice of the peace has jurisdiction in such cases whether the action be based on trespass vi et armis or trespass on the case. Section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, says that all civil actions for damages arising from the use or operation of any vehicle may, at the discretion of the plaintiff, be brought before any magistrate, alderman, or justice of the peace, etc.

In the case of Sprout v. Kirk, 80 Pa. Superior Ct. 514, 516, the Superior Court said: "The learned judge correctly held that the justice of the peace had jurisdiction." This was an appeal from a finding by Judge Hassler of Lancaster County. It is to be noted, however, that the plaintiff's statement in Sprout v. Kirk used the words "with force and arms", which would make the action one of trespass vi et armis, over which of course the alderman or justice of the peace had jurisdiction.

In the case of Aversa v. Aubry, 303 Pa. 139, the opinion was rendered by Mr. Justice Walling. The suit was brought in Philadelphia against a citizen of the State of New York on account of personal injuries sustained in an automobile accident in Bucks County, Pa. The defendant denied that jurisdiction had been acquired over him and presented his petition to the trial court to have that question preliminarily determined under the Act of March 5, 1925, P. L. 23, and from a decision sustaining such jurisdiction the defendant appealed. At page 141, Mr. Justice Walling said: "Appellant calls our attention to section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, 997. That, however, refers to actions brought to recover expenses paid in repairing damages done by motor vehicles and is not applicable to the instant case. Furthermore, that section is expressly limited to actions brought thereunder at the plaintiff's discretion."

Thus it becomes apparent that there are no clearly established precedents binding and controlling upon the courts of Lancaster County in reaching a conclusion as to this question of procedure. The Act of June 22, 1931, P. L. 751, makes no change in the jurisdictional provisions of section 1208 in the code of 1929 above referred to. The plain meaning of the legislative provisions seems to be that the plaintiff at his discretion may bring a suit before any magistrate, alderman, or justice of the peace in the county wherein the alleged damages

100

were sustained, where the alleged damages arose from the use and operation of any vehicle.

Unquestionably, the legislature had a complete right to vest this authority in the minor judiciary. The constant tendency is to make litigation less cumbersome and to make legal remedies more readily available, and the instant court feels that the jurisdiction conferred by the plain language of the code, sec. 1208, supra, should not be changed by judicial interpretation.

Therefore we discharge the rule to set aside the judgment of the alderman and decide the question of jurisdiction raised in the instant application in favor of the plaintiff.            From George Ross Eshleman, Lancaster, Pa.