## McCaulley v. First National Bank of Greensburg et al.

*James J. Burns, Jr.,* for plaintiff.
*George Y. Meyer,* for original defendants.
*Dalzell, McFall & Pringle,* for additional defendant.

MARSHALL, J., January 2, 1940.—This case is before the court on a rule granted upon the original defendants, First National Bank of Greensburg and Jerome E. Thomas, administrators of the estate of Joseph Thomas, deceased, to show cause why the writ of sci. fa. issued by

them to bring upon the record H. Clifford Galvin as an additional defendant should not be quashed and the service thereof set aside and stricken from the record. This rule was granted pursuant to a petition of the additional defendant under the Act of March 5, 1925, P. L. 23, which provides for testing jurisdiction in limine.

This suit was instituted by plaintiff against the original defendants in June of 1938 and the original defendants issued the writ of sci. fa. against Galvin and said writ was served upon the Secretary of Revenue of the Commonwealth of Pennsylvania, Galvin being a nonresident of the State of Pennsylvania. The service was made under the Nonresident Service Act of May 14, 1929, P. L. 1721.

The petition to strike off the writ of sci. fa. claims that the service is not valid since the suit was brought not in the county wherein the automobile accident occurred, which was Chester County, Pennsylvania, but in the home county of the original defendants.

In the brief filed on behalf of the original defendants, we find the issue properly and succinctly stated as follows:

"The Sci. Fa. Act [Act of April 10, 1929, P. L. 479] in conjunction with the Nonresident Service Act of May 14, 1929, P. L. 1721, and its amendments, is the basis of the original defendant's right in this action to bring upon the record the additional defendant, H. Clifford Galvin, and to obtain service upon him."

We, therefore, have before us the clear-cut statement of original defendants' position, to wit, that they rely upon the Nonresident Service Act, supra, and the Sci. Fa. Act, supra, as amended by the Act of May 18, 1933, P. L. 807. The section of the Sci. Fa. Act relied upon is as follows:

"Section 1 . . . Where it shall appear that service of said writ on an added defendant cannot be obtained in the county wherein the action was instituted, service of such writ may be made by the sheriff of the county in which the action was instituted deputizing the sheriff of the

county wherein such added defendant resides or where service may be had upon him under the existing laws of this Commonwealth in like manner as process may now be served in the proper county."

The additional defendant relied upon the case of Williams et ux. v. Meredith, 326 Pa. 570, in support of his position that the service bringing him into this case was improper. As we view that case, it does not support the additional defendant's position, but, on the contrary, as we will show later, supports the contention of the original defendants.

In the Williams case, supra, plaintiffs, residents of Lackawanna County, brought suit against defendant, a resident of the State of New York, on a cause of action which arose in Wayne County, Pennsylvania, service being made upon defendant by deputization upon the Secretary of Revenue of Pennsylvania, as agent for defendant pursuant to the Act of May 14, 1929, P. L. 1721, sec. 1. In support of this service the lower court relied upon the case of Aversa v. Aubry, 303 Pa. 139, where the facts were somewhat similar to those in the Williams case. In overruling the Aversa case, supra, and in reversing the lower court and setting the service aside, the case becomes authority for the proposition that a plaintiff may only bring his action against a nonresident upon a cause of action arising out of a motor vehicle accident in the county where defendant could be personally served or where the cause arose.

"The legislative policy under the Code was to restrict such actions either to the county where the cause arose or to the place where defendant could be personally served. Section 1208, outlining this policy, is general in scope applying to all civil actions for damages arising from the use and operation of any vehicle, when service by deputization is necessary. A plaintiff who desires to make service by deputization must comply with its terms. This interpretation of the two acts makes them fit into the legislative scheme and avoids the difficulties of an unreason-

able classification between residents and nonresidents, which would be without apparent purpose, and places a reasonable limitation on the plaintiff's choice of venue and prevents harassing a nonresident defendant by an unreasonable selection of the locality to start suit": Williams et ux. v. Meredith, supra, p. 575.

The original defendants, however, rely upon the ruling of Gossard v. Gossard et al., 319 Pa. 129, which case we think is controlling of the main issue involved in the case at bar. In that case the automobile accident on which the suit was based occurred in Bedford County. Plaintiff, a resident of Butler County, entered suit there by personal service on the defendant who was found within that county. The original defendant attempted to bring in an additional defendant, a resident of Allegheny County, and there, as here, the additional defendant raised the same question of jurisdiction. The lower court held that, while service could be made upon the additional defendant in Allegheny County, such service did not confer jurisdiction of the person in the Court of Common Pleas of Butler County, and then struck off the service. On appeal the Supreme Court held that while the original defendant could not have brought in the additional defendant as he did under the Sci. Fa. Act of 1929, supra, he could do so under the Sci. Fa. Act of 1933, supra, which amended the Act of June 22, 1931, P. L. 663. That section of the Act of 1933 which was involved there is the same as that quoted hereinbefore. In reversing the lower court and reinstating the service, the court held (p. 132) :

"The Act of 1933 was intended to accomplish some definite object. Here appellee overlooks the purpose and effect of the Sci. Fa. Act. It was to avoid multiplicity of suits, to compel every interested person to appear and have adjudicated conflicting rights in a single action, to save the original defendant from possible harm resulting from loss of evidence if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part: Vinnacombe v. Phila.,

297 Pa. 564. The act works out contribution as between joint tort-feasors. It frequently happens that these purposes are lost sight of. It is an enabling statute and should be construed so as to advance the legislative purpose. The plain intendment of the Act of 1933 was to enable the original defendant to bring in the added defendant, no matter where he may be found in the State.

"While at first blush this would seem to give the defendant a greater right to introduce an additional defendant than the plaintiff has to make a person a defendant, analysis demonstrates this is not so under the circumstances here present, since the action is for damages resulting from the use of an automobile. As we have shown, defendant could have served appellee in Allegheny County, had plaintiff brought her suit in Bedford County; *the effect of the amendment of 1933 merely preserves for the original defendant a right of which he would otherwise be deprived if, as here, plaintiff chose to begin suit in any other county than that where the accident happened. This is fair and gives defendant no greater right than plaintiff, for the locality of suit is determined by the plaintiff, and is a matter over which defendant has no control; keeping in mind the purpose of the Sci. Fa. Act as applied to this class of litigation, a plaintiff should not be permitted to deprive a defendant of a right which it was the obvious purpose of the act to give him.* Having in mind the legislative purpose and construing the act in question, we hold that, no matter in what county an action for damages resulting from the use of an automobile is brought, the amendment of 1933 to the Sci. Fa. Act in express terms empowered an original defendant to bring in as an additional defendant any one who it is claimed is liable on the cause of action declared on, wherever he might be found in the State. We do not determine the effect of the amendment of 1933 in other actions." (Italics supplied.)

It was further held there that, since the action was transitory, it was not unlawful for the legislature, in this

class of legislation, to provide for extraterritorial service. While that case involves extraterritorial service in Pennsylvania, we feel the provision is broad enough and intended to include foreign residents. Certainly nonresidents should not be afforded greater privileges and immunities than our own residents. The additional defendant should not be permitted to profit from the fact that plaintiff brought his action in the county of the original defendants' residence instead of the county where the accident took place. The purposes of the pertinent provisions of the acts of assembly and their equitable intendment should prevail.

Our opinion is strengthened by the later references to and approval of the Gossard Case, by the Supreme Court: Heaney v. Mauch Chunk Borough et al., 322 Pa. 487, 490-492; Williams et ux. v. Meredith, 326 Pa. 570, 576.

In the Heaney Case, supra, the borough attempted to bring in as additional defendant a nonresident owner of property. In reversing the lower court and setting aside the service, the court held (p. 490) :

"In *Gossard v. Gossard*, 319 Pa. 129, we considered at length the purposes of the Sci. Fa. Act. We there stated that it was primarily remedial in its nature and its main purpose was to avoid multiplicity of suits. See *Vinnacombe v. Phila.*, 297 Pa. 564. Statutes will not be presumed to make any changes in prior existing law beyond that which is necessary to carry out the purposes of the new legislation: *Gratz v. Insurance Co. of North America*, 282 Pa. 224, 234. In *Gossard v. Gossard, supra,* we expressly limited our decision to the facts there before us. It involved extraterritorial service in an action based on an automobile accident. We held that as the Vehicle Code of May 1, 1929, P. L. 905, gave plaintiff the right to extraterritorial service, the defendant was entitled to such right, but we expressly refrained from determining the effect of the Act of 1933 on other actions. That construction fits into the existing scheme of service as it permitted the original defendant, who can be sued in another

county than that in which he resides, to serve his writ of sci. fa. on the additional defendant similarly in another county. But such conclusion in no way sustains the contention that the jurisdiction of the court issuing the original summons should be extended in every cause of action to all other counties to bring in additional defendants."

In the Meredith Case, supra, relied upon by the additional defendant, and discussed in part hereinbefore, we find the following language (p. 576) :

". . . The words which follow ('Where it shall appear,' etc.) relate to such actions *where a defendant* might be served outside the county under some act of assembly. As plaintiff did not have any statutory right of service in another county, the deputized service on the additional defendant was invalid.

"The *Heaney* case was in line with the reasoning adopted in *Gossard v. Gossard*, 319 Pa. 129, and the rule there laid down. In that case an automobile accident occurred in Bedford County. Suit was instituted in Butler County and defendant personally served. Defendant secured service by deputization on an additional defendant in Allegheny County. We held that this service was valid. Plaintiff had the right to sue in Bedford County, where the accident occurred, and serve defendant by deputization under Section 1208 of the Vehicle Code anywhere in the state where he could be found; or he could sue in any county where defendant could be served personally. He did the latter, but by so doing he could not deprive defendant of the 'same rights in securing service . . . as the plaintiff . . . had' under the Sci. Fa. Act. The Act plainly gave defendant that right, and he could not be stripped of it merely because plaintiff saw fit to sue outside the county of the accident."

We feel that plaintiff in the case at bar would have had the right to secure service upon the additional defendant by serving him under the nonresident service provisions

and we therefore hold that the original defendant is accorded the same right. To hold otherwise would deprive the original defendants of a very important legal right, namely, contribution from a joint tortfeasor, a right which was within the protective spirit of the Sci. Fa. Acts: Gossard v. Gossard, 319 Pa. 129, 132.

As to the second point raised by the additional defendant that the writ of sci. fa. should be quashed because it was issued "unreasonably late", we find no warrant in law to sustain that contention in the case. The case of Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345, cited by the additional defendant, is not authority for the proposition asserted by him. In that case the Common Pleas Courts of Philadelphia County had promulgated a rule that writs of sci. fa. to bring additional defendants on the record must be issued within 30 days after service of the statement of claim upon the original defendant. The action there was instituted *prior* to the adoption of the rule but the sci. fa. was issued more than 30 days *after* the promulgation of the rule. The Supreme Court held that 30 days time was unreasonable and suggested, by way of obiter dicta, that a rule requiring the writ to be issued within 60 days would not be unreasonable. It should also be noted that we had no such rule at the time the writ in the case at bar was issued and, so long as plaintiff is not harmed, the additional defendant cannot complain.

It might also be observed that since the decision of the Carroll Case, supra, the Supreme Court has promulgated rules to regulate practice in our court, Rule 2253 of which is applicable to the time for filing a petition for leave to join additional parties, and limits the time to 60 days from the service upon him of the initial pleading of plaintiff. However, this rule can be of no comfort to the additional defendant here inasmuch as that rule does not apply to actions pending on September 4, 1939. (Pa. R. C. P. 2274.)

By reason of the foregoing, we, therefore, make an order discharging the rule upon the original defendants to show cause.

### Order

And now, to wit, January 2, 1940, the rule upon the original defendants to strike off and set aside service and return is hereby discharged, and the additional defendant is hereby ordered to file an answer to said suit within 15 days from date hereof.