## Commonwealth v. Hart et al.

*H. Albert Lehrman,* Deputy Attorney General, for plaintiff.

*Douglas D. Storey,* for defendants.

WOODSIDE, J., January 15, 1946.—The question here presented is whether we have jurisdiction of this trespass action, brought by the Commonwealth against nonresidents to recover damages suffered in a collision in Lycoming County between a State police car and a truck owned by two of the defendants and operated by the third. All the defendants are residents of the State of New York, and none is engaged in business in Pennsylvania. Service was obtained upon them by registered mail directed to their residences, in accordance with the provisions of Rule 2079(*a*) of the Rules of Civil Procedure.

The question of jurisdiction of this court was raised by petition and answer, as provided by the Act of March 5, 1925, P. L. 23, 12 PS §672, et seq. Plaintiff contends that the Act of April 7, 1870, P. L. 57, as amended (17 PS §255) gives jurisdiction to the Dauphin County Court. Defendant argues that this act does not apply in cases of nonpersonal service; and that even if it would otherwise apply it has been suspended by Rule No. 2100 of the Procedural Rules because it is inconsistent with Rules Nos. 2076-2100.

The Act of 1870 (supra) as amended by the Act of May 25, 1937, P. L. 793 provides:

"That the court of common pleas of the county of Dauphin and the judges of the orphans' court of Dauphin County are hereby clothed with jurisdiction, throughout the State, for the purpose of hearing and determining all suits, claims and demands whatever, at law and in equity, in the court of common pleas of said county, in which the Commonwealth may be the party plaintiff for accounts, unpaid balances, unpaid liens, taxes, penalties and all other causes of action, real, personal and mixed."

The act's evident purpose is ". . . that the Commonwealth, when suing in her own right, shall be allowed to prosecute her claims at the seat of government, and not be required to go to other parts of the State, where the defendants happen to reside. The fact that, under other legislation, she has also the privilege of proceeding wherever the defendants may be found and served with process, is beside the question; for . . . she still has the absolute right to litigate her claims in Dauphin County, if she chooses so to do.": Commonwealth v. Wilkins et al., 271 Pa. 523, 527 (1922).

President Judge Simonton of this court said of the Act of 1870, in Commonwealth v. Pennsylvania, Slatington and New England R. R. Co., 2 Dauph. 283, 286:

". . . we have no doubt, 'the true reason of the

remedy' was, that the convenience of the commonwealth required that a tribunal should be found, at the seat of government, to which her law officer could resort in all cases in which an appeal to the courts on her behalf should become necessary."

Jurisdiction over defendants and cause of action would, if an individual were plaintiff, be in the Court of Common Pleas of Lycoming County. Does the Act of 1870 extend this jurisdiction to the Dauphin County Court when the Commonwealth is plaintiff?

We think it was the intent of the Legislature to give to this court jurisdiction to hear and determine "all suits, claims and demands whatever, at law and in equity . . . in which the Commonwealth may be the party plaintiff." If the county where the collision occurred can obtain jurisdiction over defendants by the type of service made in this case, then by virtue of the Act of 1870 this court obtains jurisdiction when the Commonwealth is plaintiff. By being "clothed with jurisdiction throughout the State" when the Commonwealth is plaintiff, this court is clothed with the jurisdiction that any court of common pleas throughout the State would have over defendant. It is not limited, as defendants argue, to those cases wherein defendant is served within the State.

The Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, 75 PS §1201, provides that:

"Any non-resident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to non-resident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania . . . shall, . . . by the operation of such motors vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent

for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

Section 2 of said act provides for notice to the nonresident defendant by registered mail: 75 PS §1202.

In interpreting the Act of 1929 the Supreme Court (reversing the position it took in Aversa v. Aubry, 303 Pa. 139) decided in Williams et ux. v. Meredith, 326 Pa. 570 (1937) that nonresident defendants could be sued only where served, or in the county in which the accident occurred. In so holding the court said it could not assume that the Legislature intended to expose nonresidents

". . . to suit in any county in the state irrespective of where the accident occurred, while suit against a resident for a similar action must be in the county where it took place or where personal service can be made on the defendant.": Page 574. The court pointed out that Pennsylvania residents could be sued either in the county where served or the county where the accident occurred, and that the construction enforced in the Williams case "imposes no greater hardship on nonresidents than residents and promotes uniformity of service.": Page 575.

If this action were against a resident of Pennsylvania we think it would be admitted that this court would have jurisdiction under the Act of 1870. Our conclusion in this case "promotes uniformity of service." See also Nathan v. McGinley, 340 Pa. 10 (1940).

Procedural Rule 2078 provides that:

"An action of the class specified in Rule 2077 (a) (1) shall be commenced in and only in (1) a county in

which the defendant may be personally served; or (2) the county in which the cause of action arose."

Rule 2077(a)(1) provides that "The rules of this chapter apply to (1) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident, . . ."[1]

The commentary on this rule contained in Goodrich-Amram contains the following:

"It seems reasonably clear that the specifying of instances in which jurisdiction could be exercised over non-residents is not the regulation of procedure as authorized by the Procedural Rules Enabling Act and that to specify such instances by rule would run counter to the limitation of the Act that the Pennsylvania rules of civil procedure 'shall neither abridge, enlarge nor modify . . . the jurisdiction of any of the . . . courts (to which the rules are applicable).' It was therefore decided to adopt the first alternative and prescribe by rule only the procedure to be followed. Subdivision (a) therefore provides that the procedure specified by the chapter of rules on non-residents shall apply only in those actions where statutes already authorize the exercise of jurisdiction over non-residents.

---

[1] The Act of June 21, 1937, P. L. 1982, 17 PS §61 gave the Supreme Court power "to prescribe by general rule the forms of actions, process, writs, pleadings, and motions, and the practice and procedure in civil actions at law and in equity for the courts of common pleas of every county . . . Provided, That such rules shall be consistent with the Constitution of this Commonwealth and shall neither abridge, enlarge nor modify the substantive rights of any litigant nor the jurisdiction of any of the said courts, nor affect any statute of limitations . . .

"From and after the effective date of any rule promulgated under this section 1, and so long as said rule shall be operative, the operation of any act of Assembly relating to practice or procedure in such courts, and inconsistent with such rule, shall be suspended in so far as such act may be inconsistent with such rule."

"Before the rules of this chapter can be applied, it is therefore necessary to ascertain the extent to which the exercise of jurisdiction over a non-resident is now authorized by statute."

Defendants contend that the Act of 1870 is suspended because Rule 2078 provides that an action of this class "shall be commenced *in and only in* (1) a county in which the defendant may be personally served; or (2) the county in which the cause of action arose," and Rule 2100 provides that all acts or parts of acts inconsistent with the above rule are suspended insofar as they provide procedure inconsistent with such rule. (Italics supplied.)

No reference is made to the repeal or suspension of the Act of 1870 or any part thereof in either Rule 2100 or the Act of 1929.

In Reading Co. Appeal, 343 Pa. 320 (1941) the Commonwealth was proceeding under an act which provided that the action should be brought in the county where the corporation "has its principal office." [2] The corporation against which the Commonwealth was proceeding had its principal office in Philadelphia County, and it was contended that this court therefore had no jurisdiction. This court held otherwise (51 Dauphin 102) and the Supreme Court affirmed. Mr. Justice Maxey, now Chief Justice, pointed out in his opinion that "unless the legislature by express words or necessary implication, deprives the state of one of its existing prerogatives or interests, the presumption is against such an interpretation." It was contended that the Act of 1870 being a general act could not prevail over the Act of 1929 which was a special act relating to the

---

[2] Section 1312 of the Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1310, which provided that the Attorney General should proceed as provided by the Act of May 16, 1919, P. L. 177, which was amended by the Act of April 21, 1921, P. L. 211, 27 PS §432.

venue in proceedings instituted thereunder and that the provisions of the act under which the action was brought as to venue were mandatory and should be strictly construed. This contention however was rejected by the Supreme Court which held in spite of the specific language contained in the Act of 1929 the Commonwealth was privileged to bring the action in the Court of Common Pleas of this county by virtue of the provisions of the Act of 1870, supra.

In Commonwealth v. Wilkins, 271 Pa. 523 (1922) affirming 24 Dauphin 63, the Supreme Court held this court had jurisdiction of a case in which the Commonwealth was plaintiff. The court there said, p. 527:

"The fact that, under other legislation, she (the Commonwealth) has also the privilege of proceeding wherever the defendants may be found and served with process, is beside the question; for this does not repeal the Act of 1870, either expressly or by implication and hence she still has the absolute right to litigate her claims in Dauphin County, if she chooses so to do."

See also Commonwealth, ex rel. Schnader v. Ritter, et al., 313 Pa. 526, 530 (1934) affirming 37 Dauphin 138; Commonwealth ex rel. v. Ortwein, et al., 28 D. & C. 350, 354 (1936).

Even though the Rules of Civil Procedure provide this action shall be brought only in the county where the accident occurred, or where defendant is served, the Commonwealth as plaintiff has a right under the Act of 1870 to proceed in this court.

And now, to wit, January 15, 1946, the petition of defendants raising the question of jurisdiction of this court is dismissed, and it is determined that this court has jurisdiction over defendants and the cause of action for which suit is brought.