## CARR v. TENNIS.
### No. 3298.

District Court, M. D. Pennsylvania.
July 17, 1933.

Frank J. McDonnell, of Scranton, Pa., for plaintiff.

Welles, Mumford & Stark, of Scranton, Pa., for defendant.

WATSON, District Judge.

In this, a trespass action, plaintiff, a resident of Lackawanna county, Pa., sued a resident of the state of Michigan, alleged in plaintiff's statement to be the owner of a motor vehicle operated within Pennsylvania, to recover damages for personal injuries as the result of an alleged accident alleged to have occurred within the commonwealth of Pennsylvania, in which said motor vehicle was involved. The defendant, appearing de bene esse, by his attorney, petitioned the court for a rule to show cause why the service of process in the case should not be set aside. The rule was granted and is now before the court for disposition.

I have examined the sheriff's return of service and the record, and, according to the return, the service was made in strict and literal compliance with the Pennsylvania Act of May 14, 1929, P. L. 1721, as amended by the Pennsylvania Act of the 24th day of April, 1931, P. L. 50 (75 PS § 1201 et seq.). It is true that the summons did not give the defendant's address, nor contain information to enable the sheriff to ascertain it, but such is not required by the act. It is immaterial in the absence of statutory requirement how the sheriff discovers the address, if he mails the notice to the defendant's "last known address."

The defendant contends that if the service of process is sustained, he will be deprived of his property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States. I see no reason to doubt that the act is constitutional.

The constitutionality of the Pennsylvania statute does not seem to have been passed upon by the Supreme Court of the United States. But that court has more than once held substantially similar statutes of other states not to be obnoxious to the Fourteenth Amendment. In Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 633, 71 L. Ed. 1091, the Massachusetts statute was held to be constitutional. The Massachusetts statute (G. L. c. 90, § 3A, as added by St. 1923, c. 431, § 2) is substantially similar to the Pennsylvania statute, and provided as does the Pennsylvania statute, Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, in substantially the same words: "That a copy of the process be 'sent by registered mail * * * to the defendant, and the defendant's return receipt' be 'appended to the writ and entered with the declaration.'" In Hess v. Pawloski, supra, Mr. Justice Butler,

who delivered the opinion of the court, said: "Motor vehicles are dangerous machines, and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense. It makes no hostile discrimination against nonresidents, but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. Canadian Northern Ry. Co. v. Eggen, 252 U. S. 553, 561, 562, 40 S. Ct. 402, 64 L. Ed. 713. The state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. Hendrick v. Maryland, 235 U. S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385. And, in advance of the operation of a motor vehicle on its highway by a nonresident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. Kane v. New Jersey, 242 U. S. 160, 167, 37 S. Ct. 30, 61 L. Ed. 222. That case recognizes power of the state to exclude a nonresident until the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the nonresident is the equivalent of the appointment of the registrar as agent on whom process may be served. Cf. Pennsylvania Fire Insurance Co. v. Gold Issue Mining Co., supra, 96 [of 243 U. S.] (37 S. Ct. 344) [61 L. Ed. 610]; Lafayette Ins. Co. v. French, 18 How. 404, 407, 408, 15 L. Ed. 451. The difference between the formal and implied appointment is not substantial, so far as concerns the application of the due process clause of the Fourteenth Amendment."

A similar statute of the state of New Jersey was held to be valid in Cohen v. Plutschak (D. C.) 40 F.(2d) 727, and in Dwyer v. Volmar Trucking Corporation (Supreme Court

of New Jersey) 105 N. J. Law, 518, 146 A. 685. A similar statute of the state of Minnesota was held to be constitutional in Jones v. Paxton (D. C.) 27 F.(2d) 364.

I am convinced that the Pennsylvania Act of the 14th day of May, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, is constitutional, and that in this case the provisions of the act were complied with.

Now, July 17, 1933, the rule to show cause why the service of process should not be set aside is discharged.

Exception noted for defendant.