## SUSSAN v. STRASSER et al.
No. 943.

District Court, E. D. Pennsylvania.
Jan. 7, 1941.

James E. Gallagher, Jr. (of Stradley, Ronon & Stevens), of Philadelphia, Pa., for plaintiff.

Oliver C. Riethmiller, of Philadelphia, Pa., for defendant and third-party plaintiff.

John J. McDevitt, Jr., of Philadelphia, Pa., for third-party defendant.

KALODNER, District Judge.

This suit arises out of a collision between two automobiles—one operated by the defendant, and the other by the third-party defendant. The accident occurred in Berks County, Eastern District of Pennsylvania. The plaintiff, a resident of Michigan, was a passenger in the automobile of the third-party defendant, also a resident of Michigan. The defendant is a resident of Berks County, Pennsylvania.

Following plaintiff's institution of suit against the defendant in this District to recover damages for his alleged injuries, the defendant filed an answer to the complaint, and also filed a petition, under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,[1] for leave to serve a summons and complaint upon the third-party defendant. Leave was granted, the summons and complaint were duly filed, and the Marshal of this district made a Return of Service upon the third-party defendant which shows that he, the Marshal, sent by registered mail (return receipt requested) to the Secretary of Revenue, Harrisburg, Pennsylvania, a true and attested copy of the writ, together with the copy of the complaint, for service on the third-party defendant. The return registry receipt is attached to the writ. Further, the Marshal in the same manner sent a copy of the writ and the complaint (of the defendant) to the third-party defendant, and the latter's Return registry receipt is also attached to the writ.

The third-party defendant filed an answer, containing inter alia four defenses not upon the merits. The defendant now moves to strike those defenses from the Answer. They will be discussed in sequence.

The first defense is: "The Third Party Complaint fails to state a cause of action against the third party defendant upon which relief can be granted in favor of the plaintiff or the third-party plaintiff."

In making this defense the third-party defendant relies upon Satink v. Holland Township et al., D.C., 31 F.Supp. 229, which ruled that the added party should be dropped from the case, when all that the defendant does is tender to the plaintiff a party *wholly and exclusively liable*

[1] "(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

*to the plaintiff, and the latter refuses to press a claim against such added party.* That situation does not exist here. It is to be noted that the defendant's complaint in paragraph 12 asserts that the third-party defendant " * * * *is, or may be, liable to the defendant, or third-party plaintiff, or to the plaintiff for all, or part of, plaintiff's claim against the defendant, or third-party plaintiff.*" Under such circumstances it may be that in the ultimate outcome of this suit a joint tort may be established against the defendant and third-party defendant, with a consequent liability over from the latter to the former if the former were compelled to pay the entire verdict. The case cited by the third-party defendant is not, therefore, controlling.

As was stated by Alexander Holtzoff, Special Assistant to the Attorney General of the United States, in his admirable work, "New Federal Procedure and the Courts":

"Rule 14 of the new Federal Rules of Civil Procedure makes third-party practice an inherent part of Federal civil procedure. Its purpose is to permit a defendant to bring in a third party who is liable on the same claim or who is subject to a liability arising out of the claim on which the suit is based. * * *

"The scope of third-party practice under the new Rules is exceedingly broad. It may be invoked against a party who is liable to the defendant for all or a part of the plaintiff's claim, as, for instance, in a case in which the third party is liable for contribution or indemnification or as an insurer of the defendant's liability." Page 47.

The third-party defendant's contention, that a joint tort cannot be established in this case because the plaintiff has not asserted any claim against the added defendant, is without merit. The defense should be stricken.

■ The second defense is as follows: "The third-party complaint improperly seeks to join as an additional defendant a citizen of the same state as the plaintiff, to wit, Michigan, contrary to the jurisdictional limits of this Court."

This defense is also without merit: Bossard v. McGwinn, D.C., 27 F.Supp. 412; Kravas v. Great Atlantic & Pacific Tea Company, D.C., 28 F.Supp. 66; Crum v. Appalachian Electric Power Company, D.C., 27 F.Supp. 138. The third-party defendant concedes in his brief that this jurisdictional question has been ruled adversely to his position in the decisions, but asserts the defense, nevertheless, in the event some appellate court reverses those decisions. They have not been reversed and my views of the law coincide with those expressed therein.

■ The next defense is as follows: "The Court does not have jurisdiction either of the claim against or the person of the third-party defendant."

This jurisdictional question is similar to the "second defense" previously discussed, and must be ruled adversely to the third-party defendant.

First, a third-party claim is not to be regarded as such a claim as requires independent jurisdictional grounds, but solely as an ancillary claim to the original suit: Tullgren v. Jasper, D.C., 27 F.Supp. 413; and the statutory jurisdictional requirements of original suits need not be met: Crum v. Appalachian Electric Power Company, et al., supra.

I am in agreement with the statement made by Mr. Holtzoff in his work on Federal Procedure (pages 49, 50, supra) in discussing Rule 14: "The better and prevailing view seems to be that the third-party proceeding is to be regarded as ancillary and, therefore, that a separate ground for Federal jurisdiction is not necessary in order to permit the third-party proceeding to be maintained. This consummation is fortunate since the opposite rule would to a very large extent defeat the purposes of third-party practice. The object of such procedure is to make it possible to avoid circuity of action and to adjust in a single suit several phases of the same controversy as it affects the parties. Obviously, it would very frequently be the fact that there is diversity of citizenship as between the plaintiff and defendant, but that such diversity is lacking as between defendant and a third-party defendant. Consequently, it is to be hoped that it will become the definitive rule that a separate ground for Federal jurisdiction is not required as a basis for a third-party proceeding."

■ The sixth defense in the answer reads: "There has not been a legal service upon this third-party defendant who in this way raises preliminarily the issue of jurisdiction."

The service was proper and valid. The Act of Assembly of the Commonwealth of Pennsylvania, Act of May 14, 1929, P.L.

1721, § 1, as amended, 75 P.S.Pa. § 1201, provides that operators of motor vehicles in cases such as the instant one constitute the Secretary of Revenue agent for the service of process. The same act as amended by the Act of May 16, 1935, P.L. 174, § 2, 75 P.S.Pa. § 1202, provides that process may be served by sending copies by registered mail to the Secretary of Revenue and to the defendant as was done here. The Marshal complied with the provisions of that act. Rule 4(d) (1), of the Federal Rules of Civil Procedure, provides that service of the summons and complaint shall be made " * * * by delivering a copy of the summons and of the complaint to an agent authorized * * * by law to receive service of process." The Secretary of Revenue was such an agent. Rule 4(d) (7) provides that it is sufficient " * * * if the summons and complaint are served in the manner prescribed * * * by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Service in the instant case was made by the Marshal in accordance with the rule just quoted.

As to the fact that the Secretary of Revenue, being in Harrisburg, is without the territorial limits of the Eastern District of Pennsylvania, it is sufficient to say that Rule 4(f) provides: "All process other than a subpœna may be served anywhere within the territorial limits of the state in which the district court is held * * *."

The "law of the state", as used in the rules, includes state statutes as well as state judicial decisions construing them: Rule 81(e).

Third-party defendant's brief fails to present any argument upon the defense under discussion, and it is, therefore, difficult to know just where his attack is directed. The Pennsylvania Non-Residence Service Act is constitutional: Williams v. Meredith, 326 Pa. 570, 192 A. 924, 115 A.L.R. 890; Carr v. Tennis, D.C., 4 F. Supp. 142; and it would seem clear that the service in this case was valid under the rules.

It is ordered that the first, second, fifth and sixth defenses contained in the answer of the third-party defendant, Howard S. Fridman, be and they are hereby stricken from the answer.