74 F.Supp. 9 (1947)
BLUNDA et al.
v.
CRAIG et al.
No. 5543.
District Court, E. D. Missouri, E. D.
October 28, 1947.
*10 Vernon C. Oetting and Ernest L. Keathley, both of St. Louis, for plaintiffs.
Moser, Marsalek, Dearing & Carpenter and W. E. Moser, all of St. Louis, Mo., for defendants.
HULEN, District Judge.
Plaintiffs filed suit for damages suffered by them when their automobile collided with the automobile of defendants on U. S. Highway 67, in Madison County, Missouri. Plaintiffs are residents of Missouri; defendants of California. Jurisdiction is based upon diversity. Process rests upon the Missouri non-resident motorist Act, laws of Missouri 1941, p. 435, see 18 Mo. R.S.A. secs. 8410.1-8410.14. Under this Act Missouri residents may obtain service in personam upon non-resident motorists, in actions arising in Missouri from the operation by defendants of a motor vehicle on the highways of the state, by process served upon the Secretary of State of Missouri. Defendants were served under the statute. Defendants now move to quash the summons and to dismiss, asserting that under the 1941 Act they appointed the Secretary of State their attorney for service of process only with respect to suits brought in the courts of "the State of Missouri"; also that under Section 8410.11 of the Act suit must be filed "in the county where the cause of action accrued".
This motion merits attention especially because Missouri's non-resident motorist legislation has not before been assailed on the grounds here presented, so far as we can learn. The question of jurisdiction of United States courts, under similar constructive service acts of other states, is not a new one. New York, Vehicle and Traffic Law, Consol. Laws, c. 71, § 52, Pennsylvania, 75 P.S. § 1201 et seq., Louisiana, Act. No. 86 of 1928, as amended by Act No. 184 of 1932, Maryland Code 1939, art. 56, § 188, and South Carolina, Code 1942, § 437, have similar statutes but have not the special venue provision found in the Missouri Act. All the acts proceed on the principle, acceptance by the non-resident of the use of the state's roads is deemed an appointment by him of the Secretary of State, as his attorney for process in civil proceedings against him in actions resulting from use of the roads. In general they provide for service by filing process with the Secretary of State, who must forward notification, summons or necessary papers to the non-resident.
The weight of authority is that federal courts acquire jurisdiction under these constructive service acts. They are courts of the state in the sense used in the statute.[*] Many of the cases make no point that the action lies in either the state or the federal courts. (Jurisdiction cannot be conferred by consent.) See: Krueger v. Hider, D.C.E.D.S.C. 1943, 48 F.Supp. 708; Williams et al. v. James, D.C.W.D.La. 1940, 34 F.Supp. 61; O'Donnell v. Slade, D.C.M.D.Pa. 1933, 5 F.Supp. 265; Clancy v. Balacier, D.C.S.D.N.Y. 1939, 27 F.Supp. 867; DeLaet v. Seltzer, D.C.E.D.N.Y. 1932, 1 F.Supp. 1022; Sussan v. Strasser, D.C.E.D.Pa. 1941, 36 F.Supp. 266; Carr v. Tennis, D.C.M.D.Pa. 1933, 4 F.Supp. 142; Devier v. George Cole Motor Co., D.C.W.D.Va. 1939, 27 F.Supp. 978; Peeples v. Ramspacher, D.C.E.D.S.C. 1939, 29 F.Supp. 632; Malkin v. Arundel Corporation, D.C.D.Md. 1941, 36 F.Supp. 948; Zavis et al. v. Warren, D.C.E.D.Wis. 1940, 35 F.Supp. 689; Steele v. Dennis, D.C.D. Md. 1945, 62 F.Supp. 73.
*11 A more serious question raised by defendants' motion results from the venue provision of the Missouri statute. We quote (Sec. 8410.11): "Any suit under the provisions of this act shall be filed in the County in which the cause of action accrues and if there be other defendants in such action who are residents of the State of Missouri, then such action shall be brought in any county in which any one of said defendants reside, or in the County within which the plaintiff resides and the defendant may be found." (Emphasis added.)
Consent to Missouri's constructive process, argue defendants, was given by defendants to suits filed in the county "in which the cause of action" accrued. Dismissal of this action, filed in the City of St. Louis, is sought because it "accrues" in Madison County. Their argument presses the necessity of adherence to state law by the federal court.
Under the Rule of Decisions Act, 28 U.S.C.A. § 725, and certainly since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the law generally is that federal tribunals follow state statutes. This rule applies to substantive law. Is venue substantive? We think not. 35 C.J.S. Federal Courts, § 122. Paige v. Sinclair, 1921, 237 Mass. 482, 130 N.E. 177, loc. cit. 179; "Venue * * * commonly has to do with geographical subdivisions, relates to practice or procedure * * *". The state has power to determine venue of its own courts but it does not follow that it may determine venue in federal courts, under the theory that the latter are required to follow a state statute. Such a theory has been repudiated. Goldey v. Morning News, 1894, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517, resolved a difference between federal and state courts with respect to service of process. A libel action was begun in the Supreme Court of New York by a New York citizen against the Morning News of New Haven, a Connecticut corporation, doing business in Connecticut only, with no place of business, agent, or property in New York. Personal service was obtained in New York City upon the president of the defendant corporation, who was temporarily there but was himself a resident of Connecticut. The defendant removed to the Circuit Court for the Eastern District of New York, where service was set aside. 42 F. 112. This order was subsequently affirmed by the United States Supreme Court (156 U.S. loc. cit. 520, 15 S.Ct. loc. cit. 560, 39 L.Ed. 517):
"Upon the question of the validity of such a service as was made in this case, there has been a difference of opinion between the courts of the state of New York and the circuit courts of the United States. Such a service has been held valid by the court of appeals of New York * * *. It has been held invalid by the circuit courts of the United States, held within the state of New York.
"In either case, the court the service of whose process is in question, and the court in which the effect of that service is to be determined, derive their jurisdiction and authority from different governments.
"* * * service of mesne process from a court of a state, not made upon the defendant or his authorized agent within the state, although there made in some other manner recognized as valid by its legislative acts and judicial decisions, can be allowed no validity in the circuit court of the United States after the removal of the case into that court." (Emphasis added.)
For cases which rule directly that states cannot by statute control venue of federal courts, otherwise proper, see Anderson v. Standard Accident Ins. Co., D.C.La. 1940, 36 F.Supp. 7; Foote v. Kansas City Life Ins. Co., 5 Cir., 1937, 92 F.2d 744; East Tennessee, V. & G. R. Co. et al. v. Atlanta & F. R. Co., C.C.S.D.Ga. 1892, 49 F. 608. See also, Bullington v. Angel, D.C.W.D. N.C. 1944, 56 F.Supp. 372, affirmed 4 Cir., 150 F.2d 679.
In East Tennessee, V. & G. R. Co., et al. v. Atlanta & F. R. Co., supra, a bill was brought in equity for an injunction restraining Garrett, a superintendent of the defendant railroad, from interfering with possession of Plant, as defendant's receiver. Plant had been appointed at 9:40 February 9th as receiver of the federal circuit *12 court to possess defendant's property, whereas Garrett was appointed receiver by the state court at 11:10. An attachment against Garrett for resisting the circuit court's decree was granted. The Court declared (49 F. loc. cit. 611):
"The sole remaining objection to the order apparently necessary to enforce obedience to the decree of this court is that the circuit court of the United States for the northern district of Georgia has exclusive jurisdiction of the controversy presented by the bill, for the reason that the principal office of the company is in that district. In support of this proposition it is urged that * * * the supreme court of the state held that section 3406 of the Code of Georgia imperatively requires that the suit must be brought in the county where the principal office of the company is located. * * *
"It moreover appears to be true that where there is the proper diversity of citizenship which will give the circuit court of the United States general jurisdiction of the controversy, and where the federal statute confers upon the plaintiff a right to select the district within which the suit can be brought, the laws of the state regulating the venue as to suits in the state courts will not have the effect to restrict the territorial jurisdiction of the federal courts within limits more narrow than those prescribed by the acts of Congress. Cowles v. Mercer County, 7 Wall. 118, 122 [19 L.Ed. 86]; Chicago & N. W. R. Co. v. Whitton's Adm'r, 13 Wall. [270], 271, 20 L.Ed. 571; Insurance Co. v. Morse, 20 Wall. [445], 453 [22 L.Ed. 365]; Davis v. James, C.C., 2 F. 618." (Emphasis added.)
See 35 C.J.S., Federal Courts, § 122:
"The particular district in which a suit in the federal courts may or must be brought is governed exclusively by the federal statutes, * * * and the rule of Erie R. Co. v. Tompkins, N.Y., 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 which applies to the substantive law of the cause of action involved, does not require conformity with state laws relating to venue. So state statutes regulating the venue of suits in the state courts cannot restrict the territorial jurisdiction of the federal courts within limits more narrow than those prescribed by the acts of Congress." (Emphasis added.)
Plaintiffs are residents of this District. In United States courts venue lies in the district of residence of either plaintiff or defendant, where diversity status is primary. Venue in this case is proper under 28 U.S.C.A. § 112.
We think it obvious that the Missouri legislature in passing the 1941 Act did so with knowledge it could not control venue in cases filed in the federal court under the Act. Any other conclusion leads to lack of uniformity in application of the Act in the State. To hold that suit must be filed in the county where the cause of action accrues would mean, if the action accrued in one of the eight counties, or the City of St. Louis, where federal courts are located, plaintiff could have access to a federal court. And in all other cases the plaintiff could not. Such a construction of the Act should be avoided if reasonable. We think our conclusion reasonable  and for a further reason. In diversity cases, if the jurisdictional amount is present, a defendant may remove from a state court to the federal court regardless of place of accident. A state statute on venue should not deprive plaintiff of the same right to federal court jurisdiction that is accorded the defendant under like facts. Assume that the 1941 Act, in so many words, provided that a plaintiff could only file his suit in a federal court in those cases where the cause of action accrued in either the City of St. Louis or one of the eight counties where a federal court is located, and that as to all other suits they must be filed in the state court. The rule urged by defendants leads to the same result. We do not think a federal court would give effect to such an Act.

Order
Motion of defendants to quash summons and dismiss the complaint is overruled.
NOTES
[*] "For purposes of diversity jurisdiction a federal court is `in effect, only another court of the State.'" Angel v. Bullington, 330 U.S. 183, 187, 67 S.Ct. 657, 659.