## MARTIN v. FISCHBACH TRUCKING CO.
### Civ. A. No. 8270.

United States District Court
D. Massachusetts.

Oct. 11, 1949.

Harry Zarrow, Worcester, Mass., for plaintiff.

Michael T. Prendergast, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The plaintiff, a resident of Connecticut, sues defendant, an Ohio corporation, in this District for injuries received in a collision with a motor vehicle driven by defendant's agent on the public ways of Massachusetts. Plaintiff obtained service upon defendant by registered mail, and by serving the Massachusetts Registrar of Motor Vehicles in accordance with c. 90, sec. 3B, Mass.Gen.Laws, Ter.Ed., which provides that by service upon the Registrar any motorist or his agent using the highways of Massachusetts shall be amenable to "all lawful processes in any action or proceeding against him" arising out of collision with his vehicle. Defendant filed a special appearance and a motion to dismiss the action on the ground that it (the defendant) "is not subject to service of process within the District of Massachusetts".

There can be no question that defendant was properly served. Federal Rule of Civil Procedure No. 4(d) (3), (7), 28 U.S.C.A., provides that service of summons and complaint for the Federal district courts shall be made upon any foreign corporation in the manner prescribed by the law of the state in which the service is made. O'Donnell v. Slade, D.C., 5 F.Supp. 265; McLean v. State of Mississippi, 5 Cir., 96 F.2d 741, 119 A.L.R. 670. However, defendant's motion can be construed as objecting to improper venue, and in this regard it is well founded. Inasmuch as plaintiff is not a resident of this judicial district, 28 U.S.C.A. § 1391, requires that defendant be doing business in Massachusetts, be licensed to do business within Massachusetts, subsection (c), or be a resident of Massachusetts, subsection (a). From the fact that plaintiff's agent drove a motor vehicle on the highways of this state it cannot be concluded that plaintiff was doing business here. Nor does it follow that defendant is licensed to do business here because it is amenable to process under a Motorist's Financial Responsibility Statute. De Laet v. Seltzer, D.C., 1 F.Supp. 1022, decided that the applicability of such a statute to defendant does not make it a "resident" of Massachusetts within the meaning of 28 U.S.C.A. § 1391(a).

Jurisdiction will be retained for ten days to enable plaintiff to request any transfer of venue warranted by 28 U.S.C.A. § 1406, at the end of which period and failing such request the complaint will be dismissed.