**MARTIN v. FISCHBACH TRUCKING CO.**

Nö. 4472.

United States Court of Appeals
First Circuit.

June 28, 1950.

54

Harry Zarrow, Worcester, Mass. (Lian & Zarrow, Worcester, Mass., on brief), for appellant.

Michael T. Prendergast, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, a citizen of Connecticut, brought this action in the United States District Court for the District of Massachusetts against the defendant, an Ohio corporation, to recover damages for personal injuries and property damage resulting from an automobile collision on a Massachusetts highway between a motor vehicle owned and operated by the plaintiff and one owned by the defendant and operated by its agent. Damages in excess of $3,000 were claimed. Service of the summons and complaint was made upon the Registrar of Motor Vehicles for the Commonwealth of Massachusetts and notice thereof, together with copies of the summons and complaint, was mailed to the defendant at its home address and was received by it, as appears from its registered mail return receipt which was subsequently filed. Thereafter the defendant appeared specially and moved to dismiss the complaint. Holding that the venue was improperly laid in the District of Massachusetts the district court granted the motion and dismissed the complaint. 9 F.R.D. 602. Thereupon the plaintiff brought the case here by appeal.

Being a case of diverse citizenship the venue is provided for by 28 U.S.C.A. § 1391(a) which limits such a suit to the district where the plaintiff or the defendant resides. The plaintiff here does not reside in Massachusetts. Subsection (c) of § 1391 provides that a corporation shall be regarded as residing in any district in which it is incorporated or licensed to do business or is doing business. The defendant corporation was incorporated in Ohio. It has not been licensed to do business in Massachusetts. It is not averred that it is in fact doing business in that state. Certainly the single act of causing one of its motor vehicles to be driven through the state by an agent would not constitute doing business within the meaning of § 1391(c).[1] Accordingly it must be concluded that the defendant does not reside in the District of Massachusetts within the meaning of § 1391(a). It follows that the venue was improperly laid in that district and that the district court was right in dismissing the complaint on that ground unless the venue has been waived by the defendant.

There is no doubt that venue is a personal privilege which may be waived by a defendant.[2] The plaintiff asserts that the defendant has waived it here. His argument is to the following effect. Under the Massachusetts nonresident motorist statute [3] the operation of a motor vehicle upon the highways of Massachusetts by a nonresident is deemed equivalent to an appointment by such nonresident of the Registrar of Motor Vehicles as his attorney for the service of all lawful process in actions arising out of such operation.[4] The defendant has, therefore, by its action in operating its motor vehicle in Massachusetts appointed an agent in that state for the service of process in actions brought against it there. The appointment by a foreign

1. Hutchinson v. Chase & Gilbert, 2 Cir., 1930, 45 F.2d 139, 141.

2. 28 U.S.C.A. § 1406(b); Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 385, 44 S.Ct. 391, 68 L.Ed. 748; Commercial Casualty Ins. Co. v. Consolidated Stone Co., 1929, 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252.

3. G.L.Mass.(Ter.Ed.1932) c. 90, §§ 3A, 3B.

4. Paraboschi v. Shaw, 1927, 258 Mass. 531, 533, 155 N.E. 445, 447.

corporation of an agent to receive service of process against it in a state was held by the Supreme Court in Neirbo Co. v. Bethlehem Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, to amount to a consent to be sued in the federal, as well as the state, courts in that state and, therefore, was a waiver of objection to venue. Accordingly, concludes the plaintiff, the defendant here has waived the venue and consented to be sued in the District of Massachusetts. And he cites a number of cases in which district courts have so held.[5]

There is no doubt that in the Neirbo case the Supreme Court did lay down the rule that the designation by a foreign corporation of an agent to receive service of process against it in a state amounts to a consent to be sued there in the federal as well as the state courts and, therefore, to a waiver of the federal venue privilege. But in that case the appointment of agent which was relied upon was a written appointment of a designated individual who was given express authority to receive service of process on behalf of the corporation. When a corporation had expressly appointed a person to receive service of process on its behalf in a state it was not difficult to hold that it thereby understood and intended that it might be sued in any court within that state.

■ The case now before us presents a very different situation. Here there was no express appointment of an agent nor any express contemplation of suit in Massachusetts. The agency of the Registrar of Motor Vehicles, assuming for the moment that in law it is such, was not created by any conscious or voluntary act of the defendant directed to that end. It is one wholly imposed by command of the law upon the doing of an act by the defendant, that is, the operation of a motor vehicle in the state. That act was, however, motivated by entirely different considerations. It would be quite unreasonable to suppose that the nonresident motorist when he drives across the Massachusetts state line realizes that he has thereby acquired an agent and has consented to be sued in the state. The agency thus imposed without conscious volition cannot realistically provide a basis for holding that the motorist has voluntarily waived the federal venue privilege which § 1391 confers upon him.[6]

■ We do not think, however, that the provisions of the Massachusetts nonresident motorist statute operate to create an agency in any true sense or that the jurisdiction which Massachusetts exercises over nonresidents under that act is in reality based upon their consent to be sued. The theory of implied agency and consent as a basis for asserting jurisdiction over a nonresident motorist was doubtless incorporated by the legislature into this statute by analogy to the procedure which had been developed in the field of jurisdiction over foreign corporations. It may well have been a concession to the conservatism of the bar which likes to cling to traditional concepts for support even when entering new fields. But the inclusion of this fictional consent does not, in our opinion, provide the real

5. Williams v. James, D.C.W.D.La.1940, 34 F.Supp. 61; Andrews v. Joseph Cohen & Sons, D.C.S.D.Tex.1941, 45 F.Supp. 732; Krueger v. Hider, D.C.E.D.S.C.1943, 48 F.Supp. 708; Steele v. Dennis, D.C.Md. 1945, 62 F.Supp. 73; Blunda v. Craig, D.C.E.D.Mo.1947, 74 F.Supp. 9.

6. Compare the following statement of Judge Learned Hand in Smolik v. Philadelphia & Reading Coal & Iron Co., D.C.S.D.N.Y.1915, 222 F. 148, 151:
 "When it is said that a foreign corporation will be taken to have consented to the appointment of an agent to accept service, the court does not mean that as a fact it has consented at all, because the corporation does not in fact consent; but the court, for purposes of justice, treats it as if it had. It is true that the consequences so imputed to it lie within its own control, since it need not do business within the state, but that is not equivalent to a consent; actually it might have refused to appoint, and yet its refusal would make no difference. The court, in the interests of justice, imputes results to the voluntary act of doing business within the foreign state, quite independently of any intent."
 See also International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L. R. 1057.

basis for the exercise of power by Massachusetts over the nonresident motorist. That basis, we think, is afforded by the nonresident motorist's act in operating a dangerous instrumentality, a motor vehicle, in the state. This act gives the state jurisdiction over him to the extent necessary to require him, by extraterritorial service of process, if need be, to answer within its borders the claims of those who may have been there injured by his act. In considering the Massachusetts statute involved in the present case the Supreme Court in Hess v. Pawloski, 1927, 274 U.S. 352, at page 356, 47 S.Ct. 632, 633, 71 L.Ed. 1091, pointed out that it "operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him" and held that in so providing with respect to nonresident operators of motor vehicles in the state it does not contravene the due process clause of the Fourteenth Amendment.

 The view which we take of the basis of the jurisdiction of a Massachusetts court over a nonresident motorist is supported by the Restatements.[7] The Supreme Court has indicated that the exercise of jurisdiction in personam by a state over one who is not present in the state does not offend the due process clause if he has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[8] It is settled for us that operating a motor vehicle on the highways of the state is such a contact.[9]

Judge Learned Hand in his opinion in Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 1948, 166 F.2d 788, 791, put the matter as follows:

"It is settled that, given the proper procedural support for doing so, a state may give judgment in personam against a nonresident, who has only passed through its territory, if the judgment be upon a liability incurred while he was within its borders. (Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.) That, we conceive, rests upon another principle. The presence of the obligor within the state subjects him to its law while he is there, and allows it to impose upon him any obligation which its law entails upon his conduct. Had it been possible at the moment when the putative liability arose to set up a piepowder court pro hac vice, the state would have had power to adjudicate the liability then and there; and his departure should not deprive it of the jurisdiction in personam so acquired."

 It follows from what has been said that while the defendant by operating its motor vehicle in Massachusetts subjected itself to the power of the State to require it to answer the plaintiff's claim in a suit in a state court, it did not thereby voluntarily consent to be sued or waive its federal venue privilege. The action of the district court in dismissing the complaint was, therefore, right.

The judgment of the district court will be affirmed.

---

7. Restatement, Conflict of Laws, 1948 Supplement:

"§ 84. Jurisdiction Over One Who Does Acts or Owns Things in a State.

"A court by proper service of process may acquire jurisdiction over an individual not domiciled within the state who does acts or owns things in a state which are of a sort dangerous to life or property, as to causes of action arising out of such acts or such ownership, if a statute of the state so provides at the time when the cause of action arises."

§ 23 of the Restatement of Judgments is to the same effect.

See also Goodrich on Conflict of Laws, 3d ed., pp. 200–204; Goodrich, "Six Years of Conflict of Laws," pp. 19, 20; Culp, "Recent Developments in Actions against Nonresident Motorists," 1938, 37 Mich.L.Rev. 59; Scott, "Jurisdiction over Nonresident Motorists," 1926, 39 Harv. L.Rev. 563.

8. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057. See also Travelers Health Ass'n v. Com. of Virginia, 1950, 70 S.Ct. 927.

9. Hendrick v. State of Maryland, 1915, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385; Kane v. State of New Jersey, 1916, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222; Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.