## KIRKSEY v. BEAUCHESNE et al.
### Civ. No. 51-178.

United States District Court,
D. Massachusetts.

June 8, 1951.

Max S. Ginsberg, Boston, Mass., for plaintiff.

Michael T. Prendergast, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff, a citizen and resident of Massachusetts, brings this action for damages for personal injuries allegedly received in a motor vehicle collision in Winchester, Massachusetts. Defendants are a citizen of New Hampshire and a corporation alleged to be doing business in New Hampshire. Service of process was made on the Registrar of Motor Vehicles for the Commonwealth of Massachusetts in accordance with the provisions of Mass. G.L.(Ter.Ed.) Ch. 90, §§ 3A, 3B; F.R.Civ. P., Rule 4(d) (7), 28 U.S.C.A.

Defendants move to dismiss on the ground that neither of the defendants has been served with process in Massachusetts and that neither of them is subject to service here. They rely on Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53 as holding that a non-resident of Massachusetts cannot be sued in this district without his consent. But the Martin case recognized that the Supreme Court has held in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, a case dealing with the very Massachusetts statute under which service was made in this case, that a non-resident motorist can be required, by extraterritorial service of process, to answer within the state claims arising from the operation of his motor vehicle within the state.

The Martin case was concerned solely with the question of proper venue in the federal courts. Title 28 U.S.C. § 1391(a), provides that "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise pro-

vided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." In the Martin case, the action was brought in the District of Massachusetts by a Connecticut plaintiff against an Ohio corporation. Clearly the venue was improper unless the defendant waived its objection and consented to be sued in this district. The Martin case held only that although by statute a non-resident motorist operating a vehicle in Massachusetts is deemed to have appointed the Registrar of Motor Vehicles his agent for service of process this does not amount to a voluntary waiver of objections to improper venue in the federal courts.

█ In the present case, the plaintiff brings his action in the District of Massachusetts in which he resides. The venue requirement of 28 U.S.C. § 1391 is satisfied, and there is no necessity for consent or waiver on the part of the defendants.

Motions to dismiss are denied.