**218**

Gladys HOLBROOK and Walter Holbrook, her husband,

v.

Joseph C. CAFIERO.

Civ. A. 8421.

United States District Court
D. Maryland, Civil Division.

Oct. 25, 1955.

Thomas F. Johnson, Snow Hill, Md., Harry Adelberg, Baltimore, Md., for plaintiffs.

Michael P. Crocker (Piper & Marbury) Baltimore, Md., for defendant.

CHESNUT, District Judge.

This case presents a question of federal procedure which, since the decision of the Supreme Court in Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, I anticipated would soon arise in this court.

■ The plaintiffs are all citizens of the State of Maryland and the defendant is a citizen of the State of New York. The case is, therefore, within the general federal jurisdiction based on diversity of citizenship and the venue jurisdiction is established by § 1391(a) of 28 U.S. C.A., which reads:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The defendant has filed a motion to dismiss the action or, in lieu thereof, to quash the return of service of summons on the ground that the defendant has not been properly served with process. The motion to dismiss must be overruled because the court has both general and venue jurisdiction; but the alternative motion to quash the service of summons raises a different question in this particular case. The action is one for injuries to the plaintiff alleged to have been caused by the negligent operation of an automobile on a Maryland highway by the defendant. Service of process on the defendant was made in accordance with the Maryland statute, Art. 66½, § 113, which provides in substance that the operation of a motor vehicle on Maryland highways by a non-resident implies his consent to be sued in the Maryland courts by service upon the Secretary of State followed by notice by registered mail to the defendant at his last known address. The papers in the case show an affidavit of compliance by counsel for the plaintiffs with return receipt for the registered letter. It was held by the Supreme Court of the United States in the case of Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, that this form of notice was sufficient to gratify the requirements of due process and it has been very generally, if not uniformly, held thereafter that a similar form of substituted service is legally sufficient in such cases.

■■ Counsel for the defendant bases his contention that the process in this case was not legally sufficient, not on inadequacy of notice as a matter of constitutional law, but on the point of federal procedure that such substituted service is not effective and binding on a resident of another State. The contention is based on Federal Rules of Civil Procedure, rule 4(f), 28 U.S.C.A. reading:

"Territorial limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

In legal phraseology there is, of course, a well known difference between a "summons" and a "subpoena". A summons is the notice to a defendant to appear and defend a suit while a subpoena is an order to a person to appear as a witness in the case. The defendant's contention is that this rule 4(f) is a limitation upon the authority of the district court and therefore a service beyond the borders of the State where the suit is brought is ineffective unless there is a specific statute of the United States otherwise providing, and that in this case there is no such statute. On the other hand, counsel for the plaintiff contends that the summons is authorized by rule 4(d) (7) which reads:

"Upon a defendant of any class referred to in paragraph (1) or (3)

of this subdivision of the rule, [subdivision 1 is here involved] it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

More briefly stated, the plaintiffs' contention is that the summons here was sufficient because it was served "in the manner prescribed by the law of the state".

The defendant does not contend that rule 4(d) (7) standing by itself is insufficient to support the kind of personal service authorized by the Maryland statute, but he does contend that rule 4(d) (7) is rendered ineffective by rule 4(f). This contention is based on the view that 4(f) is necessarily inconsistent with 4(d) (7) and being subsequent in sequence to 4(d) (7), and also, as he contends, being more specific with respect to the subject matter, then 4(f) thus supersedes 4(d) (7) to the extent that they conflict.

In support of this contention defendant's counsel relies principally upon the concurring opinion of Circuit Judge Maris in the case of McCoy v. Siler, 1953, 3 Cir., 205 F.2d 498. In that case the suit in a district court of Pennsylvania was by an Iowa citizen against North Carolina citizens for damages due to an automobile accident in Pennsylvania. Service on the defendants had been made in accordance with the Pennsylvania statute providing for service on non-resident motorists for negligence caused anywhere on Pennsylvania highways, 75 P.S.Pa. § 1201, quite similar to the Maryland statute involved in the instant case. The district court dismissed the suit for lack of venue jurisdiction under 28 U.S.C.A. § 1391(a). On appeal the opinion of the court was written by Circuit Judge Goodrich affirming the dismissal on the ground of lack of venue, in that respect following the opinion of the 1st Circuit in Martin v. Fischbach Trucking Co., 1950, 183 F.2d 53, in which the opinion of the court had been written by Judge Maris of the 3rd Circuit sitting by designation in the 1st Circuit. The opinion of the court in the McCoy v. Siler case did not discuss the sufficiency of the substituted service under the Pennsylvania law as applicable to an original suit in the district court; but Circuit Judge Maris filed a concurring opinion limited to a discussion of the latter point and stating that in his opinion the dismissal of the suit by the district court was also justified on the ground that the substituted service was not authorized by reason of rule 4(f). Three reasons were stated in the opinion for this conclusion; (1) that 4(f) was a limitation on 4(d) (7); (2) that under the Pennsylvania statute service on the State official (Secretary of Revenue) was of itself lacking in due process without complying with the further condition of personal service to the non-resident defendant by registered mail; and (3) that the notice by registered mail was therefore the effective feature of the service but unauthorized under 4(f) because it was made beyond the territorial limits of the State of Pennsylvania. A third opinion in the case was written by Chief Judge Biggs who dissented from the opinion of the court as to insufficient venue because, in his opinion, the venue requirement had been validly waived by the defendant when, in using the Pennsylvania highways for motor travel, he had sufficiently consented to be sued by service upon the named Pennsylvania official, together with the personal notice by registered mail.

The opinion of Judge Maris is the only judicially reported opinion which discusses the effect of 4(f) in a situation similar to the instant case; except that I note that in Niemiec v. Interstate Motor Freight System, D.C.W.D.Mich.1952,

2 F.R.D. 408, District Judge Raymond dismissed a suit against a non-resident motorist summoned in accordance with the substituted service law of Michigan by an order without discussion. Defendant's counsel also cites as likewise relevant on this point the case of Szabo v. Keeshin Motor Express, D.C.N.D.Ohio 1949, 9 F.R.D. 492, but the situation there was sufficiently different from the instant case to make the reference not helpful.

I highly respect the opinions of Circuit Judge Maris but my own opinion, after rather extended review of rules 4(d) (7) and 4(f) is to the contrary. While the precise point to be decided turns on the interpretation and effect of the two rules, I think it may be helpful to state how the question now presented has developed during the last 15 years. The particular point that I think needs to be steadily kept in mind is that rule 4(f) with respect to service outside of the district (now by the rule outside of the State) did not introduce a new feature or limitation with respect to the effective service of summons in an original suit in the district court. So long as I can remember in federal procedure service of summons (as distinct from subpoena) is not ordinarily made outside of the State where the district court is located. Indeed for many years prior to 1938, when the new rules of civil procedure first became effective as of September 16th, the service could not be made outside the district except when specially authorized by a federal statute. Rule 4(f) broadened rather than contracted the territorial area of service. And, for the first time, rule 4(d) (7) validated service in accordance with the laws of the State where the district court was situated.

The limitation as to territorial limits of service of summons issued from the federal court was contained in the original Judiciary Act of 1789, which provided in section 11, 1 Stat. 79, that—

"* * * no person shall be arrested in one district for trial in another, in any civil action * * *. And no civil suit shall be brought * * * against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ".

With some amendments in phraseology this procedural provision substantially continued until the restriction as to service was somewhat further increased by the Act of March 3, 1887 which was substantially reproduced in section 51 of the Judiciary Act, 28 U.S.C.A. § 112 * which provided, with certain exceptions (not applicable here) that—

"no person shall be arrested in one district for trial in another, in any civil action before a district court;" and that (1) "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant;" (2) "but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suits shall be brought only in the district of the residence of either the plaintiff or the defendant".

In 1939 the Supreme Court decided the case of Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, opinion by Mr. Justice Frankfurter. The suit was brought in the Southern District of New York; the plaintiff was a citizen of the State of New Jersey and the defendant was a foreign corporation of the State of Delaware which had filed a paper with the Secretary of State of New York consenting to be sued in the courts of the

* 1948 Revision, 28 U.S.C.A. §§ 1391, 1401, 1693, 1695.

State. At that time the above quoted statutory provision as to venue was still in force and a foreign corporation had generally been considered an inhabitant only of the State where it was incorporated (see the dissenting opinion of Mr. Justice Roberts, concurred in by Chief Justice Hughes and Mr. Justice McReynolds). The Court held that the venue statute on which the foreign corporation relied had been waived by its consent to be sued. At that time many of the States had enacted statutes providing for substituted service on non-resident motorists using the highways of the State; and in numerous federal decisions thereafter the principle of the Neirbo case was held applicable in suits where there was diversity of citizenship between the parties although neither the plaintiff nor the defendant was a citizen of the State in which the district was situated. These decisions are put on the ground that State statutes in effect constituted an implied consent on the part of the non-resident motorist to be sued in the State where the alleged tort was committed, and thus constituted a waiver of the statutory provision as to venue regarding a defendant. In a number of these cases the federal courts also held that the substituted service authorized by the State constituted valid personal service on the defendant in cases originally brought in the district court.

So far as I have noted, the first departure from this view was the opinion of Judge Maris sitting in the 1st Circuit above mentioned, Martin v. Fischbach Trucking Co., 1950, 183 F.2d 53, and in McCoy v. Siler, 1953, 205 F.2d 498, the Third Circuit (one Judge dissenting) also held that the federal venue statute (then 28 U.S.C.A. § 1391(a)) had not been waived by the non-resident motorist. However in 1947 the 4th Circuit in Knott Corp. v. Furman, 163 F.2d 199, had in principle applied the rule of the Neirbo case. In February 1953 the 6th Circuit held in Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, that the Neirbo decision applied in a case factually similar to the cases in the 1st and 3rd Circuits. In the Olberding case suit was brought in a district court in Kentucky where both the plaintiff and the defendant were non-residents of Kentucky but the alleged tort had occurred in Kentucky. Process was issued in accordance with the Kentucky non-resident motorist statute similar in effect to that involved in the cases in the 1st and 3rd Circuits. The district court rendered a judgment in favor of the plaintiff and on appeal the judgment was affirmed by the 6th Circuit, the opinion holding that the venue had been waived by the defendant by the use of the Kentucky highways under the Kentucky statute; and also that the substituted process in accordance with the State statute was valid to give personal jurisdiction over the defendant. The Supreme Court granted certiorari to resolve the conflict between the 1st and 3rd Circuits on the one hand, and the 6th Circuit on the other. The opinion in the Olberding case, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, was by Mr. Justice Frankfurter with a dissent by Mr. Justice Reed, concurred in by Mr. Justice Minton. The judgment of the 6th Circuit was reversed on the ground that the Neirbo case was inapplicable and there was no valid waiver by the defendant of the venue statute. The Neirbo case was distinguished on the ground that in that case there had been an affirmative consent to be sued in the State by the paper to that effect filed by the non-resident corporation with the State official and that the use of the State highway by non-resident motorists did not of itself constitute a consent by the non-resident motorist to be sued in the State. The Bethlehem Company had designated an agent in New York upon whom summons might be served in the State of New York. The distinction from the Neirbo case was on the ground that while the actual consent was suffi-

cient to waive the venue, a consent merely implied from the use of the State highways under its statute was really no consent at all. A careful reading of the opinion of the court shows that the only point decided was that there was no waiver of the venue provision in the statute, 28 U.S.C.A. § 1391(a), and I do not find there was any holding, and I think also not any clear intimation, that if the requirements of the venue statute had been met, the substituted service would have been insufficient. It is, I think, worthy of note, however, that the dissent of Mr. Justice Reed stresses the practical importance and legal sufficiency of the substituted service. At least some language in the opinion of the court seems to me to be not unsympathetic on this point. Thus in the opinion, 346 U.S. on page 341, 74 S.Ct. on page 85, after referring again to the reason for State statutes allowing substituted service against non-resident motorists, it is said:

"The liability rests on the inroad which the automobile has made on the decision of Pennoyer v. Neff, [5 Otto 714] 95 U.S. 714, 24 L.Ed. 565, as it has on so many aspects of our social scene. The potentialities of damage by a motorist, in a population as mobile as ours, are such that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself. We have held that this is a fair rule of law as between a resident injured party (for whose protection these statutes are primarily intended) and a non-resident motor-

ist, and that the requirements of due process are therefore met. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091."

To complete the development of the statutory and case law up to the present time it should be noted that the Federal Rules of Civil Procedure as adopted by the Supreme Court became effective September 16, 1938 (with a revision of some rules, not including rule 4, in 1946), when the venue provision that a defendant could not be sued outside of the district in which he resided was still in force; and that by the revision of the Judicial Code effective in 1948 the particular venue statute referred to as it had appeared in 28 U.S.C.A. § 112, was repealed (see USCA Tables, Cum.Supp. p. 315) and by section 1391(c) it was provided—

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Now turning to the precise point to be decided in the instant case, that is whether the service on the defendant in this case by compliance with the Maryland statute, was valid under rule 4(d) (7), or whether 4(d) (7) was overridden by 4(f), I conclude, after a review of the pertinent authorities, that the service was sufficient.

In the first place, 4(d) (7) provides that service may be made in the manner authorized by the law of the State.[1] The

---

1. The Maryland Code 1951, Art. 66½, § 113(a) and (b) reads:

"(Service of Process Upon Non-Resident Owners or Operators.) (a) The acceptance by a non-resident individual, firm, or corporation of the rights and privileges of using the roads and highways of Maryland, as evidenced by his, their, or its operation of a motor vehicle on any of the public highways within the limits of this State, shall be deemed equivalent to an appointment by such non-resident individual, firm or corporation of the Secretary of State, or his successor in office, to be his, their or its true and lawful attorney upon whom may be served all lawful processes in any action or proceeding instituted, filed or pending against him, them or it, growing out of any accident or collision in which said non-resident may be involved, while operating or causing to be operated, a motor vehicle on such pub-

wording of the statute clearly shows that the *service* is made on the Secretary of State and, of course, must be *within the State*. The statute also provides that notice by registered mail must be given to the non-resident defendant with return of post office receipt therefor. The purpose of this proviso was necessary to conform the statute to the federal constitutional provision requiring due process, the requirement of which is that to bind the defendant there must be some method adopted which will give reasonable assurance that the defendant receives notice of the pendency of the suit, and is given reasonable opportunity to defend. With this proviso the statute has been held valid by the Maryland Court of Appeals in Employers' Liability Assurance Corp. v. Perkins, 1935, 169 Md. 269, 181 A. 436; cf. Grote v. Rogers, 1930, 158 Md. 685, 149 A. 547, under an earlier Maryland statute differently worded with respect to the provisions for notice by mail. A similar Massachusetts statute was held by the Supreme Court to meet the requirements of due process in Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; cf. Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, where, under the New Jersey statute the service was held insufficient because the statute did not provide for proper notice to the non-resident defendant. The service is therefore valid on an original suit in the State court; and it is also clear that the defendant can, if desired, remove the case for trial to the federal court. The point is therefore narrowed to this—Is the service also good when the suit is originally brought in the federal court? In my opinion it is. The great majority of federal decisions do so hold; indeed only the two or three above mentioned are to the contrary. It was so held in this court in the case of Morris v. Sun Oil Co., D.C.Md. 1950, 88 F.Supp. 529, and by the 6th Circuit in the Olberding case, 1953, 201 F.2d 582, reversed by the Supreme Court 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, on the other point of venue.[2] See also Knott Corp. v. Furman, 4 Cir., 163

lic highway and said acceptance of the rights and privileges of using said highways or the operation of said motor vehicle by said non-resident individual, firm or corporation within this State, shall be a signification of his, their or its agreement that such process be of the same legal force and validity (except as hereinafter provided) as if served on him, them or it personally.

"(b) (Service of Process Defendant Notified by Registered Mail.) Service of such persons shall be made by leaving a copy of the process with a fee of $2 00 in the hands of the Secretary of State or in his office, and such service shall be sufficient service upon the said non-resident individual, firm or corporation, and of full force and effect in any court and before any Justice of the Peace or Trial Magistrate of this State; provided that notice of such service and a copy of the declaration, cause of action or titling shall forthwith be sent by registered mail by the plaintiff or his attorney to the defendant and the defendant's return receipt and the plaintiff's or his attorney's affidavit of compliance herewith shall be filed with the Clerk of the Court or before the Justice of the Peace or Trial Magistrate in which the said proceedings are pending."

2. Some of the many federal district court decisions which have upheld the service on original suits are: De Laet v. Seltzer, D.C.E.D.N.Y.1932, 1 F.Supp. 1022; O'Donnell v. Slade, D.C.M.D.Pa. 1933, 5 F.Supp. 265; Iser v. Brockway, D.C.W.D.Pa.1938, 25 F.Supp. 221; Clancy v. Balacier, D.C.S.D.N.Y.1939, 27 F. Supp. 867; Williams v. James, D.C.W.D. La.1940, 34 F.Supp. 61; Sussan v. Strasser, D.C.E.D.Pa.1941, 36 F.Supp. 266; Malkin v. Arundel Corp., D.C.Md.1941, 36 F.Supp. 948; Krueger v. Hider, D.C.E. D.S.C.1943, 48 F.Supp. 708; Blunda v. Craig, D.C.E.D.Mo.1947, 74 F.Supp. 9; Townsend v. Fletcher, D.C.Ohio 1949, 9 F.R.D. 711; Ball v. Yankee Lines, D.C. E.D.Pa.1950, 9 F.R.D. 600; Urso v. Scales, D.C.E.D.Pa.1950, 90 F.Supp. 653; Kostamo v. Brorby, D.C.Neb.1951, 95 F. Supp. 806; Kirksey v. Beauchesne, D.C. Mass.1950, 98 F.Supp. 148; Setterlund v. Spierer, D.C.S.D.Mo.1951, 11 F.R.D. 601; Larsen v. Powell, D.C.Colo.1953, 117 F.Supp. 239; Mendenhall v. Texas Co., D.C.W.D.Pa.1953, 15 F.R.D. 193.

F.2d 199 at page 205; ex parte Schollenberger, 1877, 96 U.S. 369, 24 L.Ed. 853.

█ The remaining point for discussion is the defendant's contention that the service was really made outside of Maryland and therefore prohibited by rule 4(f). In my opinion this is not the case. In the first place, if the service was made in Maryland, then 4(f) is not applicable at all. The wording of the Maryland statute clearly contemplates that the service must be made in Maryland and the opinion of the Maryland Court of Appeals in sustaining the statute is to like effect. Employers' Liability Assurance Corp. v. Perkins, 169 Md. 269, at page 279, 181 A. 436. Indeed on familiar grounds Maryland would have no authority to make service on a non-resident outside of the State; and therefore if the statute were to be so construed it would be entirely ineffective; but, as we have seen, similar State statutes have been held valid as consistent with due process.

I do not think that 4(f) should be construed as overriding 4(d) (7). It will be remembered that immediately preceding the effective date of the new rules of federal procedure a three-day Institute for discussion of the new rules was held at Cleveland, Ohio, in July 1938, which was attended by some district judges and many lawyers interested in federal procedure. It should also be remembered that by that time very many, if not a majority, of the 48 States had enacted statutes generally similar to those of Massachusetts and Maryland. See the review of that progressive legislation as stated in the dissenting opinion of Chief Judge Biggs of the 3rd Circuit in McCoy v. Siler, supra. The proceedings at this Institute were recorded and printed in a volume entitled "Federal Rules of Civil Procedure and Proceedings of the American Bar Association Institute, Cleveland, 1938". Similar Institutes were later held in New York and Washington and likewise recorded and printed. At Cleveland the explanation of rule 4 was made by Dean Clark (then Reporter to the Advisory Committee on the Rules and now Chief Judge of the Second Circuit). I do not recall either from his explanation of the rule or questions about it from the floor, anything that would tend to throw doubt upon the application of 4(d) (7) to State statutes regarding process against non-resident motorists. The comments on rule 4 are to be found on pages 205, 212 and 217. The only comment made by Dean Clark that seems to be relevant here is what he said regarding 4(d) (7) on page 205—

"and (7) is a kind of catchall, providing that in classes (1) and (3) above,—that is, those dealing with the individual or the corporation or association—any form of service which would be good in the State where the district court is sitting shall also be held good in the federal court." See also Washington Institute Proceedings, p. 187.

With respect to 4(f), the only relevant comment that I have noted is that in the notes to the rules by the Advisory Committee to the Supreme Court who formulated the rules. Their comment was, "Note to Subdivision (f). This rule enlarges to some extent the present rule as to where service may be made. It does not, however, enlarge the jurisdiction of the district courts". In view of the wide prevalence in 1938 of State statutes affecting non-resident motorists, it seems quite improbable that the subject would not have been mentioned when the rules were under such wide discussion at that time, if the present contention of the defendant with regard to 4(f) were sound.[3] It seems much more probable that 4(d) (7) was regarded as applicable to these widespread State statutes. Furthermore

3. There is an indecisive reference or comment on the point to be found in the printed proceedings of the New York Institute, p. 294.

4(f) was not an innovation and was certainly not intended to further narrow the reach of federal process. On the contrary it extended it by allowing service beyond the district but within the State. Apart from the authority to serve process given by 4(d) (7), 4(f) was, of course, only declaratory of the then existing statute restricting process in suits against the defendant in any other district than that whereof he was an inhabitant. And finally, I note that in the only federal decision that I have found dealing with rules 4(d) (7) and 4 (f), subsequent to the decision in the Olberding case, supra, is the opinion of Judge Follmer in the Middle District of Pennsylvania, Dec. 30, 1953, in the case of Giffin v. Ensign, 15 F.R.D. 200. The factual situation with regard to the citizenship of the parties and service of process on a non-resident motorist was substantially the same with that in the instant case. The service was held good. In the opinion extended consideration was given to the concurring opinion of Circuit Judge Maris in McCoy v. Siler, supra. The district court was, of course, within the Third Circuit and in his opinion the District Judge stated that he did not feel that the concurring opinion in McCoy v. Siler was binding on the district court. He expressly decided in the opinion that 4(f) was not an override of 4(d) (7) and this seems to be the opinion of the text writers on rule 4(d) (7) and 4(f). See Moore's Federal Practice, 2d Ed. Vol. 2, pp. 948–49, where it is said, in referring to 4(f), because the latter "evidently refers to ordinary original service, and was not intended to restrict the effectiveness of state substituted service where federal process is served in that manner". See also Note 70 to rule 4 in Barron & Holtzoff, Federal Practice and Procedure, Rules Ed. Vol. 1, p. 303.

For these reasons I conclude that the motion to strike the service of summons in the instant case should be and it is hereby overruled.